CHARLES H. BABCOCK, ADMINISTRATOR, v. GEORGE C.
WOLFFARTH ET AL.

Decided April 16, 1904.

**1.—Judgment by Default—Collateral Attack—Service by Publication.**

Where a judgment by default in a suit by publication contained no re-
citals as to service on the defendant it was subject to collateral attack be-
cause of noncompliance of the citation or notice with the requirements of
the statute.

**2.—Same—Citation by Publication.**

Where a citation for publication was issued prior to the taking effect
of a statute in relation to such process, but was not published until after
the statute had taken effect, its sufficiency was to be determined by the pro-
vision of such statute.

**3.—Same—Sufficiency of Citation.**

Under the statute (Acts 1897, p. 138) requiring that a citation to un-
known defendants in a tax suit shall run in the name of the State and
county, and shall be "directed to all persons owning or having or claiming
any interest" in the land in suit, a citation running in the name of the State
only and directed to the sheriff, commanding him to summon "unknown
owner whose residence is unknown" to appear and answer, is substantially
defective and a judgment based thereon is void.

Appeal from the District Court of Lubbock. Tried below before
Hon. J. M. Morgan.

*R. P. Smythe, H. C. Randolph,* and *Tarlton & Ayres,* for appellant.

*Kinder & Dalton* and *Hunter & Flood,* for appellees.

SPEER, ASSOCIATE JUSTICE.—Appellant sued appellees to recover
a section of land in Lubbock County, and is entitled to judgment unless
he is precluded by a judgment of the District Court of that county in a
tax suit instituted by the State against the unknown owners of the land,
which judgment he attacks as being void. Whether or not the judgment
is void depends upon the sufficiency of the following notice issued in the
tax suit:

"The State of Texas, to the Sheriff or any Constable of Lubbock
County, Greeting: You are hereby commanded that by making publi-
cation of this citation in some newspaper in the county of Lubbock, if
there be a newspaper published in said county (but if not then in the
nearest county where a newspaper is published), for four weeks pre-
vious to the return day hereof, you summon unknown owner whose resi-
dence is unknown to be and appear before the honorable District Court
of Lubbock County, Texas, at the next regular term thereof, to be holden
at the courthouse in the town of Lubbock on the seventh Monday after
the first Monday in August, 1897, same being the 20th day of September,
1897, then and there to answer the plaintiff's petition filed in a suit in
said court on the 24th day of July, 1897, wherein the State of Texas is
plaintiff and unknown owner is defendant; file number of said suit being
No. 82. The nature of the plaintiff's demand is as follows, to wit:

That the defendant was the owner and in possession of 640 acres of the following survey of land in said Lubbock County, Texas, being survey No. 27, abstract No. 174, and certificate No. 1249, original grantee E. L. & R. R. R. Co., and which land is definitely described in plaintiff's original petition.

"That in the year 1896 there was levied and assessed against the land · above mentioned certain State and county taxes for said year, amounting in the aggregate to the sum of ($10.80) ten and 80-100 dollars.

"That said land has been returned delinquent for the year 1896 by the tax collector of said county, as shown by the 'County Clerk's Delinquent Tax Record,' and the commissioners court of said county has caused such delinquency to be published as required by law and has caused suit to be filed thereon to enforce the collection of such taxes, interest and cost.

"Plaintiff prays for judgment for the amount above specified, and in default thereof the said land be sold to satisfy said judgment for taxes, interest and costs, and for such relief to which plaintiff may be entitled under the law and the facts, and the further sum of ($5.00) five dollars as attorneys fees and 25 cents as publisher's fees.

"Herein fail not, and have you then and there before said court this writ, with your indorsement thereon showing how you have executed the same.

"Witness George C. Wolffarth, Clerk of the District Court of Lubbock County. Given under my hand and seal of said court at office in Lubbock, this 16th day of August, 1897. (Seal) George C. Wolffarth, Clerk District Court, Lubbock County, Texas.

"Came to hand this the 17th day of August, 1897, at 10 o'clock p. m., and executed by publishing the same in the Texas Press Leader, a newspaper published in the county of Lubbock, State of Texas, once each week previous to the return day thereof. Said publication having been made on the 21 days of August, 1897, and the days of August 28 day and September 4 day and Sept. 11, 1897, and I herewith return a printed copy of said publication. Returned Sept. 18, 1897. J. B. Legett, Sheriff, Lubbock Co., Texas."

There is no recitation of service whatever in the judgment, and the record in the tax suit sufficiently shows that the citation set out is the basis of the judgment rendered. This judgment may therefore be collaterally attacked, since the attack in no way involves a contradiction of the record. The notice was issued prior to the going into effect of the present statute prescribing the requisites of notice in tax suits, but was published subsequently thereto. The present statute having repealed all laws in conflict with its provisions, and having no saving clause with respect to suits then pending, we think the notice must be tested by its requirements. By an examination of this act (Acts 1897, p. 138, sec. 15) it will be seen that the first prescribed requisite is that the notice shall be in "the name of the State and county;" in this respect the notice

35 Civ—33

here under consideration is at fault, running only in the name of the State. Next it is prescribed that such notice shall be "directed to all persons owning or having or claiming any interest," etc., in the land. Here again the present notice is defective. It is directed "To the sheriff or any constable of Lubbock County, greeting," which officer is commanded to summon "Unknown owners whose residence is unknown," etc. We think these defects, being substantial, are fatal to the notice, and render the judgment based thereon void. Earnest v. Glaser, 32 Texas Civ. App., 378, 74 S. W. Rep., 605; Netzorg v. Geren, 26 Texas Civ. App., 119, 62 S. W. Rep., 789. Moreover, it is doubtful if the notice sufficiently apprises the interested persons that a foreclosure of a tax lien in favor of the State is sought in this suit. Netzorg v. Geren, supra. But upon this question it is unnecessary for us to express an opinion.

The judgment of the District Court is reversed, and judgment is here rendered for appellant for the land sued for.

*Reversed and rendered.*

Writ of error refused.