## H. B. WILLIAMS ET AL. v. J. W. YOUNG ET AL.

Decided November 23, 1905, and December 21, 1905.

### 1.—Tax Suits—Unknown Heirs—Citation.

In a suit for taxes against "unknown heirs," they being also in fact the "unknown owners" of the land in controversy, the citation was published for three weeks as provided by the delinquent tax act of 1897 (Rev. Stats., art. 5232o), instead of eight weeks, as provided by art. 1236, Rev. Stats., in suits against unknown heirs generally. Held, by a majority of the court, that the citation should have been published for eight weeks.

### 2.—Foreclosure Sale—Innocent Purchaser.

A purchaser of land at foreclosure sale, in good faith, under a judgment regular on its face and reciting that the defendants had been duly cited by publication, such purchaser paying a fair and adequate consideration, will be protected in his title as an innocent purchaser.

### 3.—Certiorari.

By motion for certiorari appellants ask that the clerk of the District court be required to send up certified copies of certain deeds in appellee's chain of title. This can not be done, as to do so would be to amend or correct the statement of facts agreed to by the parties and approved by the court.

Appeal from the District Court of Houston County. Tried below before Hon. John J. Word [Wood].

*Jere M. Crook,* for appellants.—The heirs of Hardy Ware not having been cited, as required by law, to answer in cause number 4866 in the District Court of Houston County, the judgment therein rendered as to them is wholly void. Gunn v. Miller, 26 S. W. Rep., 278; State v. Dashiell, 7 Texas Ct. Rep., 540; Hamblin v. Knight, 81 Texas, 355; Glass v. Smith, 66 Texas, 548; Wootters v. Kaufman, 67 Texas, 488, and authorities therein cited; Rev. Stats., arts. 1236, 5232 g, 5232 o; Greenway v. De Young, 9 Texas Ct. Rep., 581; Borden v. City of Houston, 2 Texas Ct. Rep., 318; Stegall v. Huff, 54 Texas, 193, and authorities there cited; Byrnes v. Simpson, 74 Texas, 79.

*Adams & Adams,* for appellee.—Our tax statutes know but two classes of owners—viz.: known and unknown owners—whether title vests by gift, inheritance or purchase. The Act known as the Colquitt Act provides a special citation for tax suits, and supersedes all general statutes on that subject. Kenson v. Gage, 9 Texas Ct. Rep., 725; Acts 1897, secs. 15 and 18.

One who purchases land, paying for it full value, believing he is obtaining a good title, without notice of any other claim to the land, and there being no circumstances to put him on inquiry, will be protected in his purchase. Sickles v. White, 66 Texas, 178; Brotherton v. Weathersby, 73 Texas, 471; Patty v. Middleton, 82 Texas, 586.

REESE, ASSOCIATE JUSTICE.—This suit was begun by a motion by appellant to set aside a judgment rendered in a tax suit which had been rendered against the defendants in said suit for the recovery of taxes, and foreclosure of lien upon the W. P. Theobald 640-acre survey in

Houston County. The defendants in said tax suit were "unknown owners and the unknown heirs of Hardy Ware, deceased." There was judgment in that suit against the defendants for the taxes claimed and foreclosure of the lien, and at a sale under said judgment the land was bought by J. E. Downes, from whom the title conveyed by the sale passed, after several mesne conveyances, to the Southern Pine Lumber Company. The plaintiffs in the motion, H. B. Williams et al., are the heirs-at-law of Hardy Ware, deceased, and owners of the land, unless the title passed by the sale under the judgment aforesaid.

The defendants are the Southern Pine Lumber Company and its vendors, immediate and remote, under the tax sale.

After filing the motion the plaintiffs amended their pleading, embodying with the suit to set aside the judgment an action in trespass to try title to recover the land. There was judgment for defendants, and the plaintiffs in the suit appeal.

The judgment in the tax suit is assailed primarily upon the ground that it is void as to appellants, the heirs of Hardy Ware, deceased, on account of the insufficiency of the preliminary process to give the court jurisdiction of the cause as to them. If this service was sufficient to give the court jurisdiction, the subsequent proceedings thereunder were sufficient to vest in the Southern Pine Lumber Company, one of the appellees, a good and sufficient title, as against appellants, to the land. If such service was not sufficient for that purpose, in a direct attack upon the judgment, which is the character of the present suit, appellee contends that it is an innocent purchaser of the land for value, and without notice, under a judgment regular on its face.

The service was by publication against "unknown owners and unknown heirs of Hardy Ware, deceased," all being joined in one citation which contained all of the necessary allegations provided by the statute in case of suits for taxes against unknown owners (art. 5232 o, Rev. Stats.). The citation was published for three weeks in accordance with the provisions of that article of the statute. The petition is in the ordinary form for such suits, and complains "of the unknown owner and the unknown heirs of Hardy Ware, deceased, whose residence is unknown to plaintiff." Attached to the petition is an affidavit of the county attorney, in which he swears that "the defendants . . . are unknown to affiant, and after inquiry can not be ascertained, and that the names and the residence of said defendants are unknown to him, and after inquiry can not be ascertained."

It is objected by appellants that, in order to give the court jurisdiction to render a judgment foreclosing the interest of the unknown heirs of Hardy Ware, deceased, this citation should have been published for eight weeks, as provided in cases of suits against unknown heirs generally by article 1236 Revised Statutes, instead of three weeks, as provided in tax suits against unknown owners.

The trial court found, as conclusion of law, that the provisions of the delinquent tax Act of 1897 (art. 5232 o, Rev. Stats.), as to service of citation upon unknown owners, also applied to the heirs of deceased persons whose names and places of residence were unknown, such persons being, in fact, "unknown owners," and superseded, in tax suits against such parties, the provisions of article 1236. It was therefore

held by the trial court that the service as to the unknown heirs of Hardy Ware, deceased, in the tax suit, was good and sufficient, in which conclusion the writer is inclined to agree, and that the judgment should be affirmed on that ground also.

The Southern Pine Lumber Company, present owner of the land under the tax sale, pleaded that it bought the land in good faith more than two years after the date of the judgment, paying full value therefor, and believing that it was getting a good title; that the judgment is regular on its face, and it is entitled to be protected as an innocent purchaser in good faith.

The judgment in the tax suit recites that the defendants had been duly cited by publication. The trial court found, as conclusion of law, that the defendant was a purchaser in good faith. No question is made as to the adequacy of the consideration paid by the Southern Pine Lumber Company or any of its vendors, nor was it claimed that they had any actual notice of the defect in the service upon the unknown heirs of Hardy Ware, or of any other facts which would invalidate the judgment.

Unless the Southern Pine Lumber Company was required to go behind the judgment and its recitals as to service, and take notice of the alleged defect in the service upon the unknown heirs of Hardy Ware, clearly it was an innocent purchaser without notice, and entitled to be protected as such. This question was before this court in the case of Carpenter v. Anderson (reported in 8 Texas Ct. Rep., 491), and it was there held that, conceding that the service was insufficient to give the court jurisdiction, such judgment was not void, but voidable only. That the court having judicially ascertained the service to be sufficient, as shown by the recitals in the judgment, a purchaser of property at execution sale under the judgment; who pays an adequate consideration and buys without actual notice of the defect in the service, would be protected in his title against a direct attack on the judgment based upon the insufficiency of the service of process. The case referred to was a suit to set aside and cancel the judgment of a justice of the peace and to recover property sold thereunder, a direct, and not a collateral attack, as in the case at bar. The defendant in said judgment was a nonresident, and the service upon which the judgment was rendered, a notice addressed to him, as provided in article 1602, Revised Statutes, and served upon him in the State of Minnesota. It was held by the court that such notice and service was not authorized in suits in Justices' Courts, and was insufficient to authorize judgment. The court, however, says: "Rights acquired under such judgment by innocent strangers, for value, will not be disturbed, the wronged party being relegated to his remedy against the plaintiff who procured the false recital to be made. We understand this to be the settled rule in Texas," citing cases.

It is true that the court found that the defendants in that case were not entitled to be protected, but such finding was placed upon the ground that the price paid for the land was so grossly inadequate and disproportionate to its value as to amount to no consideration. In the case at bar the price paid by appellants was fair and adequate. It is not denied that the unknown heirs of Hardy Ware could have been properly cited by publication. The judgment recited that they had been

duly cited by publication. The court thus, apparently, having ascertained and adjudicated that the service was sufficient.

Conceding that the service was insufficient, the defendants, as innocent purchasers for value and without notice, are entitled to be protected in their title.

The majority of the court do not agree with the writer as to the sufficiency of the service by publication against the heirs of Hardy Ware, deceased, but are of opinion that the provisions of article 1236, Revised Statutes, relating specifically to suits against unknown heirs, and requiring publication of citation for eight weeks, should be followed in suits for taxes under the delinquent tax Act of 1897, against unknown heirs, as such, in view of the provisions of article 5232 g, Revised Statutes, "that the proper persons shall be made parties defendant to such suits, and shall be served with process, as provided by law for suits of like character in the District Courts of the State."

In view of the conclusion to which we have come as to the rights of defendant as an innocent purchaser, unaffected by any defect in the service, or other errors in the judgment, it is unnecessary to consider any of the other assignments of error.

Upon the ground indicated the judgment is affirmed.

*Affirmed.*

### ON MOTION OF APPELLANT FOR CERTIORARI AND FOR ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW.

Upon a former day of this term the judgment of the District Court in this cause was affirmed, upon the ground that, conceding that service of citation upon the unknown heirs of Hardy Ware, deceased, by publication for three weeks, was not sufficient to give the court jurisdiction as to them; inasmuch as the recitations in the judgment showed due and legal service, and the evidence in the record showed that appellee, The Southern Pine Lumber Company, purchased for value, in good faith, and without notice of any defect in that service, it was entitled to be protected in its title.

At the request of appellants we find the following additional facts:

The citation in the tax suit was in all respects in accordance with the provisions of the statute with regard to citations to "unknown heirs," and was published in a newspaper published in Houston County one time a week for three consecutive weeks, as required by the statute in cases of suits for the collection of delinquent taxes against unknown owners. The suit was against "unknown owners and unknown heirs of Hardy Ware, deceased," and the citation was addressed to "unknown owners and unknown heirs of Hardy Ware, deceased."

The defendants in the tax suit were "unknown owners and unknown heirs of Hardy Ware, deceased," and the suit was for collection of taxes and foreclosure of tax lien on the land in controversy. The judgment recites: "and the defendants having been duly cited by publication to answer herein."

The assessment rolls of Houston County show the tract of land in controversy to have been taxed and assessed under the heading of "unknown owners" for all of the years mentioned in the petition in the tax

suit, the only description thereof appearing on such rolls being the abstract number and name of the original grantee, and number of acres, except one year, viz., 1895, when one roll shows, in addition to the abstract number and name of original grantee, the number of the certificate and number of survey and number of acres, and on this one copy of the assessment rolls it appears as an interlineation, and in different handwriting from the original.

The delinquent tax roll prepared by the County Commissioners' Court of Houston County in conformity with the delinquent tax Act of 1897, and upon which the tax suit was based against the land in controversy, shows the land taxed and assessed against unknown owners, and describing the same fully by abstract number, certificate number and survey number, original grantee and number of acres.

*Conclusions of law.*—The judgment in the tax suit having recited that the defendants, including the unknown heirs of Hardy Ware, deceased, had been duly cited by publication, in which manner they could have been legally cited, and defendants appearing to be innocent purchasers of the land for value, and without notice of any defect in the service of citation, holding under a regular chain of title from and under the sheriff's deed, under the judgment in the tax suit, they are entitled to be protected in their title and possession in this suit.

The judgment is regular on its face, and the court having found that the unknown heirs of Hardy Ware, deceased, had been duly cited by publication, appellees had a right to assume, having no actual notice to the contrary, that they had been duly and legally cited.

As to them the judgment is conclusive as to all matters adjudicated therein, which includes the matter of the assessment of taxes and the tax lien. Being innocent purchasers under the judgment, any attack on the judgment in this suit is, as to them, collateral.

In their motion for certiorari appellants ask that the clerk be required to send up certified copies of certain deeds in appellee's chain of title.

Clearly this can not be done, as to do so would be to amend or correct the statement of facts. We can only look to the statement of facts agreed to by the parties and approved by the court to ascertain the evidence upon which the case was tried.

The motion for certiorari must be overruled.

*Overruled.*

Writ of error refused.