### R. V. BORDEN v. MILLARD PATTERSON.

#### Decided May 27, 1908.

**1.—Deed—Interest Conveyed—Construction.**

It is a cardinal rule in the construction of contracts, including deeds, that the intention of the parties is to be inquired into, and, if not forbidden by law, is to be effectuated. Too much regard is not to be had to the proper and exact signification of words and sentences so as to prevent the intention of the parties from taking effect, and, whenever the language used is susceptible of more than one interpretation, the courts will look to the surrounding circumstances existing when the contract was entered into, the situation of the parties, and of the subject matter of the instrument for aid in its construction.

**2.—Same—Case Stated.**

In a suit for partition of land T. and C. were made parties defendant, among others; the decree of partition recited that T. and C. owned an undivided one-eighth interest in the land and allotted to them jointly certain blocks in lieu

of said interest; at the time the decree was entered there was nothing on record showing that C. had any interest in the land; afterwards T. executed to C. a deed conveying to him an undivided one-half of one-eighth interest in the tract of land which had been partitioned, but in this deed no reference whatever was made to the decree of partition which had been previously rendered. Evidence considered, and held sufficient to support a finding by the court that the purpose and effect of the deed from T. to C. was simply to evidence the interest of C. in the land which the decree of partition took for granted and recognized, and not to vest in C. all of T.'s interest in the land.

### 3.—Tax Suit and Sale—Void Citation.

In a suit instituted in 1902 to collect delinquent taxes, the citation was addressed to the sheriff or any constable of the county in which the suit was filed, and commanded the officer to summon the owner of the property by making publication thereof, etc.; the citation was served by the sheriff by making publication thereof for four consecutive weeks. Held, that the citation was void, and the court was without jurisdiction to render judgment foreclosing the tax lien, and the judgment rendered being silent as to what, if any, service was had upon the unknown owner, it will be presumed that it was based upon the void citation.

Error from the 41st Judicial District, El Paso County. Tried below before Hon. J. M. Goggin.

*R. V. Bowden,* for plaintiff in error.—The court erred in conclusion of law No. 1, in concluding as follows:

"From the deeds introduced in evidence made by Tays to Currie and by Currie and Tays or Currie or Tays to others, and the record as shown by the foregoing findings of fact, the court concludes that it was the purpose and intention of J. W. Tays in the execution and delivery to J. R. Currie of the certain deed of date November 5, 1883, mentioned in finding of fact VI, to vest in said Currie a legal title to the undivided ½ of the ⅛ interest in said survey 269 (which was recognized in the decree of partition hereinbefore mentioned as belonging to said J. R. Currie) and not to vest in said Currie any other interest in said property, and that said deed did so vest said interest only." Heffron v. Cunningham, 76 Texas, 319; Eckford v. Berry, 87 Texas, 422; San Antonio v. Lewis, 9 Texas, 71; McMichael v. Jarvis, 78 Texas, 672; Thompson v. Thompson, 12 Texas, 329; McCauley v. Long, 61 Texas, 80; Dolson v. DeGanahl, 70 Texas, 622; Batts' Civ. Stat., art. 3625.

Currie having by the deed of said Tays dated Nov. 5, 1883, acquired all the interest which the said Tays had in said Alexander's addition as per the allottment made to Currie and Tays in said partition proceedings, being ½ of said allottment, and the said Currie being already the owner of the other ½ by said decree, he was then the owner of the whole of said allottment and owned the undivided ½ of each of said blocks numbered 20 and 62, and his deed conveying all his interest in said blocks therefore passed to his grantees said undivided ½ interest in each of them.

The said deed showing by its language a purpose on the part of said Currie to convey to the grantees all his interest in each of said blocks, that part of such deeds reciting that the interest consists of five lots in each of said blocks will be rejected as surplusage, and effect given to the deed to pass the whole of the grantor's interest. Arambula v. Sullivan, 80 Texas, 619; Cartwright v. Trueblood, 90 Texas, 535; Hunter

v. Morse, 49 Texas, 234; Baker v. Light, 80 Texas, 632; Jordan v. Young, 56 S. W., 764.

The court erred in concluding that the order appearing on the minutes of said District Court appointing Harris Walthall to represent the unknown owner in said tax suits, and reciting that, "On this 3d day of June, 1902, defendant having been cited by publication and appearing not, it is the order of the court that Harris Walthall, Esq., be appointed to represent said defendant," was not a final and conclusive adjudication that the defendants had been duly cited under the terms required by law, and that the court is entitled to look to other parts of the record to ascertain whether or not the defendants were in fact duly and properly cited as required by law. Batt's Civ. Stat., arts. 1264, 1211, 1346; Jones v. City of Jefferson, 66 Texas, 578; Treadway v. Eastburn, 57 Texas, 209.

On the verity of the record: Murchison v. White, 54 Texas, 84; Fitch v. Boyer, 51 Texas, 344; Treadway v. Eastburn, 57 Texas, 209; Martin v. Robinson, 67 Texas, 379; Fowler v. Simpson, 79 Texas, 615; Martin v. Burns, 80 Texas, 678; Hardy v. Beaty, 84 Texas, 567; Williams v. Haynes, 77 Texas, 284.

Same conclusive effect given judgments in publication cases as in cases of personal service. Hardy v. Beaty, 84 Texas, 567; Stewart v. Anderson, 70 Texas, 590; Ijams v. Root, 22 Texas Civ. App., 413; Galloway v. State Nat. Bank, 56 S. W., 236; Kenson v. Gage, 34 Texas Civ. App., 547.

*Patterson, Buckler & Woodson,* for defendant in error.

NEILL, ASSOCIATE JUSTICE.—Defendant in error was the plaintiff in the court below and plaintiff in error was the defendant, and each will be so called hereinafter.

The suit was brought in the ordinary form of trespass to try title to the west half of block 20, block 39 and block 62 of Alexander's Addition to the city of El Paso. The defendant answered by a plea of not guilty, and the case was tried without a jury and resulted in a judgment in favor of plaintiff for all the west half of block 20, the west half and southeast quarter of block 39 and the east half of block 62. The writ of error is prosecuted from the judgment.

While we adopt the findings of fact of the trial court, we deem it unnecessary to set them out *in extenso* in this opinion. An analysis of such findings will show the titles relied upon by the respective parties to be in substance as follows: On March 16, 1883, J. Wilkin Tays, by deed of that date, acquired from J. A. Zabriskie an undivided one-eighth interest in the tract of land known as survey No. 269, containing 640 acres situated in El Paso County, Texas. This deed, however, was not recorded until the 5th day of June, 1883. On the 23d day of May, 1883, by a decree of the District Court of El Paso County in cause No. 338, entitled Chas. Nauwald v. J. C. Kerby et al. (J. Wilkin Tays and J. R. Currie were of the defendants), said survey No. 269 was partitioned among the parties to the suit, and at the same time the Alexander Addition to the city of El Paso was laid out and established on the survey. In the decree certain blocks were set apart in

severalty to J. W. Tays and J. R. Currie to be owned and held by them as tenants in common, to wit: blocks 20, 39, 46, 62, 63, 64 and 66 in said addition. A certified copy of the decree was filed for record in the office of the county clerk of El Paso County, Texas, March 6, 1884, and was duly recorded in said office. The decree recited that J. Wilkin Tays and J. R. Currie owned an undivided one-eighth interest in survey No. 269 and allotted and set apart to them in lieu thereof the block above described among others, allotting the remainder of the survey to the plaintiff Nauwald and the other defendants. It then contained the following recitations: "which said lands are to be held by them (Currie and Tays) jointly and in equal proportions; that they and their codefendants and said plaintiff consented and agreed to said decree; and it is further ordered, adjudged and decreed that the second described lands hereinbefore allotted to J. R. Currie and J. W. Tays as aforesaid (being the block above described among others) be set apart to be held jointly as aforesaid, and that the title to said land be vested in them in fee simple, and all the titles heretofore existing in said plaintiff and their codefendants be divested from and out of them and vested in the said J. R. Currie and J. W. Tays."

When this decree was entered in said District Court of El Paso County, Texas, there was no deed of record showing that J. R. Currie had any title or interest whatever in said survey No. 269 so partitioned and established as Alexander's Addition to the city, the one-eighth interest set aside to them being that acquired by J. Wilkin Tays from J. A. Zabriskie, as before stated. On November 5, 1883, J. W. Tays executed and delivered to J. R. Currie a general warranty deed which was filed for record December 20, 1883, reciting the cash consideration of $4,000, and conveying to said Currie the real estate described as follows:

"All of a one-half of an undivided one-eighth (one-sixteenth) interest in that tract of land (describing and fully identifying survey number 269)," and further recites: "The undivided sixteenth of which is herein conveyed was conveyed by C. R. Johns & Co. to J. A. Zabriskie and by said J. A. Zabriskie to me by deed dated March 16, 1883, and filed for record June 5, 1883." This deed says nothing in regard to the decree of partition.

Conceding for the present that the intention of Tays was by this deed to vest in J. R. Currie the legal title to the interest which was recognized as belonging to Currie in the partition decree in the Nauwald case, the chain of title of the respective parties to the west half of block 20 may be stated as follows:

The Nauwald decree, above referred to, allotted the block to J. W. Tays and J. R. Currie. On April 12, 1884, J. W. Tays and J. R. Currie conveyed the southeast quarter of block 20 to R. P. Sargent, leaving Currie and Tays the owners of three-quarters of the block. On January 14, 1884, Tays and Currie conveyed to A. R. Lendner the northeast one-quarter of the block which was afterwards conveyed by Lendner to L. H. Davis, trustee, who sold the property under the deed of trust to J. W. Tays and S. Schulz. This left Tays owner of an undivided half of the west half and the northeast corner of the block, that is to say half of three-quarters of the block. This half of three-quarters was

conveyed to Slocum, trustee, and on foreclosure of the deed of trust in probate court this one-half of three-fourths was conveyed to the Santo Domingo Cattle Company, which company conveyed the same to Millard Patterson, making Patterson the owner of an undivided one-half of the west half of block 20. On the 15th of December, 1885, J. R. Currie conveyed to Smith and Fernandis, by deed of that date, "all of his interest in block 20, consisting of 5 lots."

It will be noted from the above that Tays and Currie had already sold the southeast quarter of the block to R. P. Sargent and the northeast quarter of the block to A. R. Lendner, leaving Tays and Currie the owners of the west half of the block.

Smith and Fernandis sold the undivided one-fourth of the block, consisting of 5 lots, to W. F. Lewis by deed of March 3, 1887, and by another deed, made to correct the one just stated, designated the interest conveyed as an undivided half of the west half of block 20.

Prior to this, by deed of trust, dated December 15, 1886, Smith and Fernandis had conveyed to J. A. Buckler, trustee, the undivided 5 lots in block 20 to secure S. C. Lesser in the payment of $2,000 evidenced by a note. This note was transferred by Lesser to Mary Brannigan, who sued on it and foreclosed the deed of trust lien, and the property was sold by the sheriff, by an order of sale issued on the decree of foreclosure, to Jacob Scwingle, and Scwingle conveyed the same to R. V. Bowden, and Bowden and Scwingle by their deed of February 21, 1905, conveyed to F. W. Lewis the undivided half of the west half of said block claimed by them. This left Lewis the owner of an undivided one-half of the west half of block 20 and Patterson the owner of the other half of same.

And the chain of title to block 62 may be thus stated: The Nauwald decree vested in J. W. Tays and J. R. Currie block 62. In January, 1884, J. W. Tays and J. R. Currie conveyed the west half of the block to A. R. Lendner. Lendner afterwards conveyed it to L. H. Davis as trustee, who, as such trustee, conveyed it to J. W. Tays and S. R. Schulz. This left Tays owning an undivided half of the entire block. He conveyed this one-half to J. D. Slocum, trustee, to secure the Santo Domingo Cattle Company in the payment of a debt. This deed of trust was foreclosed in the probate court and the undivided half of block 62 sold, by order of that court, to the Santo Domingo Cattle Co., who conveyed the same to Millard Patterson.

Currie having conveyed his interest in the west half of the block to Lendner, still owned an undivided 5 lots in the east half of the block, and on December 15, 1885, he sold to Smith and Fernandis all his interest in block 62, consisting of 5 lots. This undivided one-fourth of the block was sold through sheriff's deed under execution against Smith and Fernandis in January, 1889, to J. A. Buckler, and his deed thereto was recorded in January of that year. Buckler afterwards conveyed to Millard Patterson said undivided one-fourth interest in the block.

This undivided interest of 5 lots that Smith and Fernandis owned in block 62 was conveyed by them by deed of trust on December 12, 1886, to J. A. Buckler, trustee, to secure a payment of a note to S. C.

Lesser in the sum of $2,000. This note was afterwards transferred by Lesser to Mary Brannigan and suit was brought upon the same by her and her husband on March 15, 1892, to foreclose the lien. Buckler's deed was then on record and he was not made a party to the suit. After judgment this undivided interest of 5 lots in block 62 was sold at sheriff's sale to Jacob Scwingle and he afterwards, on February 21, 1905, conveyed it to R. V. Bowden.

As above stated, L. H. Davis, as trustee, sold the west half of block 62 to J. W. Tays and S. R. Schulz. The latter afterwards, on March 12, 1905, conveyed the interest acquired by him to J. C. Lackland, trustee, to secure the State National Bank in the payment of a debt. This deed of trust was foreclosed by Lackland as trustee, and the Schulz interest was sold by him to J. P. Goodwin, who transferred the same to R. V. Bowden, making Bowden the owner of an undivided half of the west half of block 62, the title to which was recognized by the findings of the court in this case to be in Bowden.

The chain of title showing the interest of the parties in block 39 is as follows:

In the Nauwald decree of partition it was allotted to J. W. Tays and J. R. Currie, who on February 14, 1884, conveyed to A. R. Lendner the northeast quarter thereof, which Lendner conveyed by deed of trust to L. H. Davis to secure a debt. This deed of trust was foreclosed by Davis as trustee and the property conveyed to J. W. Tays, and S. Schulz. This left Tays owning an undivided half of the whole block, which he conveyed to J. D. Slocum, trustee, to secure a debt to the Santo Domingo Cattle Co. This lien was foreclosed in the probate court and the property sold under an order thereof to the Santo Domingo Cattle Co., and the undivided half of the block was conveyed by said company to Millard Patterson. On March 12, 1885, S. Schulz conveyed the interest that he bought from L. H. Davis at the foreclosure sale to J. C. Lackland, trustee, who sold the property under the deed of trust to the State National Bank of El Paso, which interest the bank sold to J. P. Goodwin, who on July 10, 1901, conveyed it to R. V. Bowden, making Bowden the owner of half of the northeast quarter of block 39.

After the sale of the northeast quarter of the block to Lendner by Tays and Currie there was left for Currie an undivided 7½ lots, and Currie sold an undivided 5 lots in the block to Smith and Fernandis the title to which undivided 5 lots, as found by the court, afterwards was vested by transfers in Millard Patterson. From this it is seen that Bowden has no interest in block 39 except an undivided half of the northeast quarter of the same.

The above findings show the interests of the plaintiff and defendants in the land in controversy if, as before stated, the effect of the deed of November 5, 1883, of J. W. Tays to J. R. Currie was to vest in the grantee the legal title to the undivided half of the one-eighth interest in survey No. 269 conveyed by Zabriskie to Tays. The court in its conclusions of law found that such was the legal effect of said deed. This finding is complained of by defendant through his first assignment of error. The propositions under the assignment asserted by defendant are as follows:

1.  "Said deed was a general warranty deed complete in its terms

and unambiguous in its provisions and it was the duty of the court to construe the instrument standing alone without looking to any other acts of the parties previous or subsequent.

2. "The decree of the District Court of El Paso County, Texas, in the suit of Nauwald v. Kerby et al. found that said Tays and Currie owned jointly an undivided $\frac{1}{8}$ interest in said survey No. 269 and allotted and set apart same to them jointly, and divested out of the other parties to the suit and vested in said Currie and Tays full title thereto, and this gave the said Currie an undivided $\frac{1}{2}$ interest in said $\frac{1}{8}$ interest, and no further conveyance to him by Tays was required, the said decree having the effect of a warranty deed to him.

3. "The said deed not containing any reference to said partition proceedings or any intimation that it was confirmatory thereof, the court was not authorized to look beyond the face of said deed for its meaning, but should have construed it by its own plain provisions."

It is not contended by defendant that the evidence introduced is not sufficient to authorize such conclusion, that is, if the intention of the parties is subject to inquiry. It will be noted that when the decree of partition in the Nauwald case was rendered Currie had no evidence of record of any interest in survey No. 269, and the decree not having been recorded when this deed was executed, the deed records of El Paso County disclosed no interest whatever of Currie in the survey until Tays executed this deed to him for an interest therein. It will also be noticed that this deed makes no reference whatever to the decree of partition and does not seem to have been made in reference to it, for it conveys to the grantee an undivided one-sixteenth interest in the survey, which was the interest of Currie recognized in the decree of partition. It will also be observed that in the deeds hereinbefore mentioned by Tays and Currie, which were made subsequent to this deed from the former to the latter, that the parties recognized and acted upon the assumption that their respective interests were as shown and determined by the decree of partition, which allotted to them certain blocks in the survey in lieu of their one-eighth undivided interest therein. If the construction should be given the deed that is contended for by the defendant, Tays would have had no interest in the lands allotted to him and Currie in the partition of the survey, for under such construction his entire title therein would have passed to J. R. Currie. This construction is absolutely inconsistent with the dealing and action of the party in regard to the land and is the most cogent evidence that the construction placed upon the deed by the trial court is the one that should be given it.

It is said in French v. Carhart, 1 N. Y., 102: "It is a cardinal rule in the construction of contracts, that the intention of the parties is to be inquired into, and, if not forbidden by law, is to be effectuated. Too much regard is not to be had to the proper and exact signification of words and sentences, so as to prevent the simple intention of the parties from taking effect. And whenever the language used is susceptible of more than one interpretation, the courts will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties, and of the subject-matter of the instrument. To this extent, at least, the well settled rule is that extraneous evidence is ad-

missible to aid in the construction of written contracts." (Wilson v. Troup, 2 Cow., 195, 228; Parkhurst v. Smith, Willes, 332; Bradley v. The Washington, Alex. & Geo. S. P. Co., 13 Peters, 89; Gibson v. Tyson, 5 Watts, 34.) Applying this sound and rational principle to the language of the reservation in question, and to the extraneous circumstances just noticed, and it would seem impossible to err in the construction.

Another rule of construction is, that when the words of a grant are ambiguous, the courts will call in aid the acts done under it, as a clue to the intention of the parties (Livingston v. Ten Broeck, 16 Johns., 22; Attorney-General v. Parker, 3 Atk., 576; Attorney-General v. Forster, 10 Ves. Jr., 338; Weld v. Hornby, 7 East, 199; Rex v. Osbourne, 4 Id., 327; Doe v. Ries, 8 Bing., 181, per Tindal, C. J.) In view of the principles thus announced we conclude that the court did not err in holding that the effect of the deed from Tays to Currie was simply to convey the legal title to one-half of one-eighth of the survey and that it did not affect the interests of the parties to the property allotted to them in the decree of partition. In other words, its effect was the same as though the deed had been made prior to the date of the partition of the survey. This is clearly shown by the action of Tays and Currie in relation to the land after the deed was made.

The second assignment of error complains that the court erred in its conclusion that the deed of Currie to Smith and Fernandis of December 5, 1885, conveyed only an undivided 5 lots in block No. 20 of Alexander's Addition, and only an undivided 5 lots in block 62, said addition. We think that under the authorities no other construction could have been placed upon the deed, for it in express terms conveys an undivided 5 lots in each block. Cullers v. Platt, 81 Texas, 263; Blount v. Bleker, 13 Texas Civ. App., 227; Tate v. Betts, 97 S. W., 707.

The third assignment of error complains that the trial court erred in its third conclusion of law, which is as follows: "That by the sheriff's deed bearing date December the 8th, A. D. 1889, mentioned in finding of fact XI, J. A. Buckler, the grantee therein, acquired all the interest (being an undivided one-fourth) which Smith and Fernandis, or either, had in said block number sixty-two (62) of Alexander's Addition, and said Buckler not having been made a party to the Brannigan suit mentioned in finding of fact XII, said Jacob Scwingle acquired no interest in said block by his deed from the sheriff mentioned in said finding XII, and could not therefore, convey any interest therein to the defendant."

That one is not affected by a judgment rendered in a suit in which he was not a party or in privity with some of the parties thereto, is too well settled to require citation of authorities. This also disposes of the fourth assignment of error adversely to the defendant.

The defendant also claims title to the property in controversy under certain judgments rendered in favor of the city of El Paso for taxes in suits Nos. 4093, 4102, 4104, 4043, each of which was styled The City of El Paso v. Unknown Owner, the defendant having purchased said property at execution sale under said judgments, and deeds being made thereto by the sheriff to him. The citation by publication in each of the foregoing suits was addressed as follows: "To the sheriff or any constable of El Paso County, Greeting" and commanded the sheriff that

by making publication thereof he summon the owner of said property, etc. Service of the citation was made by the sheriff by making publication thereof in a newspaper published in El Paso County, Texas, once per week for four consecutive weeks. In its conclusions of law the trial court held that the citation in each of the suits was absolutely void and did not give the court jurisdiction over the Unknown Owner, and that such judgment being silent as to what, if any, service was had upon the unknown owner, was based upon the void citation and was consequently absolutely void. In this holding the court did not err. Stoneman v. Bilby, 96 S. W., 52; Earnest v. Glaser, 32 Texas Civ. App., 378; Netzorg v. Geren, 26 Texas Civ. App., 119.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.