JAMESON v. O'NEALL et al.†

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 3, 1912. Rehearing Denied March 9, 1912.)

1. APPEAL AND ERROR (§ 1180*)—REVERSAL—EFFECT — RIGHTS OF PURCHASER UNDER JUDGMENT.

In trespass to try title, in which defendant claimed under a judgment foreclosing a tax lien and an order of sale pursuant thereto, evidence of a decree of reversal on appeal, rendered more than a year after defendant purchased at the sale, was not admissible; the judgment of foreclosure not having been superseded pending appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4626–4631, 4658, 4659; Dec. Dig. § 1180.*]

2. APPEAL AND ERROR (§ 460*)—SUPERSEDEAS.

Under the general rule of law, as well as the direct provisions of Rev. St. 1895, art. 1403, a writ of error, prosecuted only on a bond for costs, did not suspend the judgment pending appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2217, 2226, 2245–2246; Dec. Dig. § 460.*]

3. JUDGMENT (§ 497*)—COLLATERAL ATTACK—CONCLUSIVENESS OF RECORD.

On collateral attack on a judgment, a recital of "due service" made in the action cannot be disputed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 937, 938; Dec. Dig. § 497.*]

4. TAXATION (§ 692*)—COLLATERAL ATTACK—IRREGULARITIES.

That the minutes of the term at which a judgment foreclosing a tax lien against the unknown owner of land was rendered had never been approved by the trial court, and that no attorney was appointed to represent the unknown owner, as required by statute, were mere irregularities which could not be urged on collateral attack on the judgment and sale held pursuant thereto.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1387, 1389; Dec. Dig. § 692.*]

Appeal from District Court, Palo Pinto County; W. J. Oxford, Judge.

Action by J. R. Jameson against W. E. O'Neall, W. H. Boykin, and others. From a judgment for defendant Boykin, plaintiff appeals. Affirmed.

C. M. Templeton, of Ft. Worth, for appellant. J. T. Ranspot, of Palo Pinto, and Penix & Eberhart, of Mineral Wells, for appellees.

CONNER, C. J. So far as necessary to state, this is an appeal from a judgment in favor of appellee W. H. Boykin for lot 15, block E, of the French addition to the city of Mineral Wells. Appellant instituted the suit in the usual form of trespass to try title, to which the defendant Boykin pleaded not guilty.

It is admitted that Lucinda Clark was the

---

common source of title. Appellant, Jameson, through mesne conveyances, claims under a deed from Lucinda Clark, duly executed February 14, 1906, and has all the title that she then could convey. Appellee' Boykin claims through the mesne conveyances under a judgment of the district court of Palo Pinto county, rendered on the 7th day of September, 1904, in the case of City of Mineral Wells v. Unknown Owner, No. 2,282, in which the city was awarded judgment for the sum of fifty one-hundredths dollars for unpaid taxes and costs due on said lot 15 for the year 1902. The judgment foreclosed the tax lien upon said lot, and ordered the same sold for the taxes, interest, and costs. It was agreed upon the trial that an order of sale in said cause "was regularly issued upon the aforesaid judgment and levied by the sheriff of Palo Pinto county, Tex., upon the property described in the judgment, and now in controversy, to satisfy the judgment and foreclosure for taxes, and that the lot in controversy, after the due advertisement, was sold on the 11th day of February, 1905, by virtue of said order of sale; that due return was made thereof, as the law requires." Deeds were offered in evidence in behalf of appellee, sufficient to vest in him all the title that could be conveyed under the judgment and order of sale mentioned. The trial court found that Lucinda Clark was the owner of the lot in controversy at the time of the rendition of the judgment mentioned, and at the time of the sale of the lot in controversy, by virtue of the order of sale, also mentioned; and it nowhere appears that the preliminary proceedings authorizing the suit against her as an "unknown owner" had not been observed.

[1, 2] On the trial, for the purpose of showing the invalidity of the judgment upon which appellee relied, appellant offered a mandate of this court in the case of Lucinda Clark v. City of Mineral Wells, heard by us on writ of error April 21, 1906, showing, as appears by the opinion of the court in the case (92 S. W. 1167), that on that date the judgment had been reversed and the cause remanded. The mandate was issued on the 28th day of August, 1907, and rejected by the court, on the ground that it showed on its face to have been issued more than 12 months after the rendition of the judgment of this court. By act approved April 10, 1901 (see General Laws 1901, p. 122), it is specifically provided that "no mandate shall be taken out of the Supreme Court or Courts of Civil Appeals and filed in the court wherein said cause originated unless the same is so taken within the period of twelve months after the rendition of final judgment by the Supreme Court or Courts of Civil Appeals, or the overruling of a motion for rehearing." Appellant's principal contention is that the court erred in this ruling; but we think it immaterial to now determine whether a man-

date, issued in contravention of the statute quoted, is wholly void, and hence incompetent as proof of the facts therein stated. The mandate and evidence offered fails to show that the judgment had been set aside at the date of the sale under which appellee claims, and this is the material—the determinative—inquiry. The decree of reversal was entered more than a year after the dates of the judgment and of the sale thereunder, and it is not pretended that the facts otherwise are such as that the judgment was in abeyance in the meantime. On, the contrary, if we take official notice of our own records, as appellant insists we may and shall do, we find that Lucinda Clark did not file her petition and bond for writ of error to the judgment under consideration until August 29, 1905, more than six months after the sale constituting the basis of appellee's right. Moreover, the writ of error was prosecuted on a bond for costs only, which, by the express terms of the statute, did not suspend the judgment. Revised Statutes, art. 1403. So that, both by virtue of the statute and a rule of law having general application, the judgment in the case of the City of Mineral Wells v. Unknown Owner was operative at the time of the sale upon which appellee depends. See Freeman on Judgments, §§ 483, 484; Williams v. Young, 41 Tex. Civ. App. 212, 90 S. W. 940; Stroud v. Casey, 25 Tex. 740, 78 Am. Dec. 556. This rule, of course, would not apply in cases where the judgment is void upon its face; but no such contention is here made, and the contrary appears. We in effect held on the appeal and in the opinion referred to that the judgment in controversy was invalid for want of service of a sufficient citation, which we held could be inquired into, notwithstanding the judgment recites "due service."

[3] But this was on a direct attack, and here the attack on the judgment is undoubtedly collateral. Therefore the recital of "due service" must now import absolute verity. Treadway v. Eastburn, 57 Tex. 209; Gibbs v. Scales, 54 Tex. Civ. App. 96, 118 S. W. 188. In other words, the judgment on its face shows that the court trying' the case undertook to determine, and did determine, as it had jurisdiction to do, whether the defendant had been properly cited, so as to give the court jurisdiction over his person; and an error in the conclusion is available only by an appeal, or in some form of direct attack. It follows that an insufficiency of the citation in the case of the City of Mineral Wells v. Unknown Owner cannot here be inquired into. Kenson v. Gage, 34 Tex. Civ. App. 547, 79 S. W. 605; Williams v. Young, 41 Tex. Civ. App. 212, 90 S. W. 940. The cases of Earnest v. Glaser, 32 Tex. Civ. App. 378, 74 S. W. 605, Babcock v. Wolffarth, 35 Tex. Civ. App. 512, 80 S. W. 642, Borden v. Patterson, 51 Tex. Civ. App. 173, 111 S. W. 182, and Harris v. Hill, 54 Tex. Civ. App. 437,

117 S. W. 907, are cases where the judgment failed to affirmatively show that the court acted on the issue of service, and hence in no wise conflict with our present holding.

[4] Appellant's objections to the judgment as read in evidence, on the ground that the minutes of the term at which the judgment had been rendered "had never been approved by the trial judge," and that "no attorney had been appointed to represent the unknown owner," as required by the statutes, are not available on collateral attack. They constitute at most mere irregularities in the proceedings of which the purchaser under the judgment was not bound to inquire, and which by no means are sufficient to nullify the judgment and destroy the title acquired by the sale thereunder.

We conclude that the material findings of the trial court must be adopted, and the judgment affirmed.