MOTE et al. v. THOMPSON et al.

(Court of Civil Appeals of Texas. Amarillo. Jan. 27, 1913. Rehearing Denied May 17, 1913.)

1. TAXATION (§ 805*)—DELINQUENT TAXES—VOID JUDGMENT OF SALE—LIMITATIONS.

A void judgment for delinquent taxes has no legal effect, and the running of limitations will not give it any validity.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1593–1597; Dec. Dig. § 805.*]

2. TAXATION (§ 639*)—SALES FOR DELINQUENT TAXES—JURISDICTION OF COURT—STATUTES.

The right to sue for delinquent taxes and to foreclose a tax lien is wholly statutory, and real estate which has been rendered for taxes which have been paid under erroneous description in the assessment rolls or lands which have been doubly assessed and taxes paid on one assessment and lands which have been assessed and taxes paid thereon in a county other than the one in which they are located are by express statute removed from the jurisdiction of the court to render judgment for delinquent taxes.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1302; Dec. Dig. § 639.*]

3. TAXATION (§ 530*)—DELINQUENT TAXES—JUDGMENT—VALIDITY.

Where the record owner of real estate rendered the same for taxes and paid the taxes thereon within the time limited by law, a judgment for delinquent taxes in an action against unknown owners was void, because beyond the jurisdiction of the court, the record owner not being chargeable with any fault, and it may be collaterally attacked by proof of fact of payment of taxes.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 985, 988; Dec. Dig. § 530.*]

4. TAXATION (§ 642*)—DELINQUENT TAXES—ACTIONS—JURISDICTIONAL PREREQUISITES.

Under Sayles' Ann. Civ. St. 1897, art. 5232, providing that on affidavit averring that the owners are unknown to the attorney for the state, and cannot be ascertained, the parties in a suit for delinquent taxes shall be cited and the citation shall be published, the affidavit is a prerequisite to the filing of the suit and citation by publication is unauthorized except on the filing of the affidavit, and the judgment without it is subject to collateral attack.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1305–1307; Dec. Dig. § 642.*]

Appeal from District Court, Hutchinson County; N. P. Willis, Special Judge.

———

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Action by T. J. Thompson and another against Flora Mote and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Ben H. Kelly, of San Antonio, and Mike E. Smith, of Ft. Worth, for appellants. Barrett & Jones, of Amarillo, for appellees.

HALL, J. T. J. Thompson, joined by his wife, Elizabeth Thompson, née Elizabeth Mote, W. S. Mote, and Isabel Harrison, née Isabel Mote, claiming as heirs of H. C. Mote, deceased, filed this suit in the district court of Hutchinson county against Flora Mote and her husband, J. J. Mote, to recover their interest in section 73, block R, certificate 71, patent No. 72, vol. 40, G. B. & C. N. G. Ry. Co. lands in said county. Thompson and wife claimed one-fifth interest inherited by Mrs. Thompson from her father, and also one-fifth interest purchased from J. J. Mote and Flora Mote, appellants. A one-fifth interest of John C. Mote had been transferred to C. Coffee. No question is made upon the correctness of the court's judgment decreeing intervener, Coffee, his one-fifth interest. The defendant answered by general demurrer and general denial, pleas of limitation of three and five years, purchase in good faith under the tax title from J. A. King, and for improvements made in good faith thereunder, taxes paid, etc. Trial was before Special Judge Hon. N. P. Willis without a jury, who rendered judgment in favor of the plaintiffs against the appellants for the lands as prayed for, and rendered a judgment for improvements made in good faith in favor of appellants. Appellees in the court below filed a supplemental petition, by which they set out substantially the invalidity of the tax title relied upon by appellants for various reasons, and sought to have said tax title set aside and their title quieted, and also pleaded an exchange in good faith between Thompson and wife of their interest with appellants, by which Thompson acquired the J. J. Mote interest in survey No. 73 from appellants for the Thompson interest in survey No. 75. Appellants filed a supplemental answer, by which they excepted to the supplemental petition on a number of grounds, pleaded the statute of four years limitation against the action of plaintiffs in trying to set aside the tax judgment. The exceptions were overruled. It appears from the record before us that two suits were instituted between the same parties, the other involving title to survey No. 75, and by agreement this action in which the title to survey No. 73 is involved alone has been appealed.

Appellees object to the consideration by this court of appellants' assignments of error for failure to comply with rules of briefing. While the case is not briefed strictly in accordance with the rules on account of the interest involved, we have decided to waive the informalities and give the matters presented full consideration.

The first, second, and sixth assignments of error are grouped, and they attack the action of the court in holding that the tax judgment rendered in Hutchinson county, wherein the state of Texas was plaintiff and the unknown owner of the land in question was made defendant, was insufficient and inadmissible as evidence of title. This judgment was rendered for taxes due for the year 1901. The court's findings and conclusions with reference to this judgment are as follows:

"(5) I find that on April 10, 1903, a suit was filed in the district court of Hutchinson county, Tex., entitled State of Texas v. Unknown Owner, No. 46, the petition setting up that the taxes for the year 1901 were delinquent on the property described in this paragraph, and that on April 6, 1904, a judgment or order was entered in said cause, by the terms of which the rights of the defendant unknown owner of the property described in said judgment, to wit, abstract 258, C. B. & C. N. G. Ry. Co., certificate 71, survey No. 73, 640 acres, were declared to be foreclosed, and that an order of sale was issued, not describing the property as described in said judgment and returned, and on July 5, 1904, the said property was bid in at sheriff's sale by J. A. King, but I find the above proceedings defective in the following particulars: (A) No affidavit was made by the district attorney or any one else that the owners of said property or their residence were unknown to the district attorney or the attorney bringing the suit, nor that the residence of the owner or owners was unknown to the attorney bringing the suit, as provided by law; (B) the aforesaid judgment or order failed to describe the land in that it did not show in what state or county the land was located nor whether it was located in any state, and said description is insufficient to identify the land; (C) no report of the sale was made by the sheriff to the State Comptroller of Texas, nor to the commissioners' court; (D) the sheriff made no return on the citation to unknown owner and made no showing that he executed the writ; (F) the plaintiffs were not made parties to the said tax suit; (G) the order of sale does not describe the judgment, nor does it show that it was issued on this foreclosure order or judgment.

"(6) I find that neither T. J. Thompson, his wife, Elizabeth Thompson, Isabel Harrison, nor W. S. Mote, were unknown owners of the property in question, but they were known record owners, holding the record title, and that the use of any kind of diligence on the part of the district attorney or those conducting the proceedings would have disclosed said persons as owners. I find that T. J. Thompson for himself and wife and the other

heirs paid taxes to the tax collector of Hutchinson county, Joe Box, during the years 1902, 1903, and 1904, and the owners of said property were thus known to said tax collector at the time of and before the filing of this said tax suit and at the time of the rendition of said judgment.

"(7) I find that neither T. J. Thompson, Isabel Harrison, nor W. S. Mote were made parties to said foreclosure tax suit, nor were they cited therein, nor did they know of the same, nor did they file or waive answer or take any part therein. * * *

"(10) I find that all of the parties to this suit, both plaintiffs and defendants, were on all the dates herein mentioned, are now and always have been, nonresidents of the state of Texas.

"(11) I find that for the year 1901 the land involved in this suit was assessed and taxes paid thereon in a county other than the one in which it is located, and that for said year there was a double assessment and taxes paid on one assessment. That for the year 1901 T. J. Thompson for himself and wife, and for all of the other heirs, including all the plaintiffs in this suit, paid the taxes during the month of October, 1901, in Travis county, Tex., and paid same prior to January, 1, 1902. I further find that T. J. Thompson, for himself and for all the heirs of H. C. Mote, including all the plaintiffs, paid the taxes on all the property involved in this suit for every year beginning with 1888 and up to and including 1911, and that he so paid all of said taxes prior to delinquency; that he paid all of said taxes for all of said years up to and including 1901 to the Texas State Comptroller at Austin in Travis county, Tex., and that beginning with 1902 he paid them to the tax collector of Hutchinson county, Tex., and that said taxes were never at any time delinquent during said period; that the said foreclosure judgment and tax sale was for taxes alleged to be delinquent for 1901, and that they were not delinquent for said year 1901 on the property involved in this suit, and never were so delinquent.

"From the foregoing facts, I conclude as a matter of law:

"(1) Because of the irregularities above set forth that the court did not acquire jurisdiction to render the judgment rendered, and that the proceedings, judgment, and judgment roll are so defective as not to be binding on T. J. Thompson, his wife, Elizabeth Thompson, W. S. Mote, nor Isabel Harrison.

"(2) That, even if the judgment appeared regular on its face and all the proceedings appeared regular, it would not be binding on T. J. Thompson, his wife, Elizabeth Thompson, W. S. Mote, nor Isabel Harrison, they not having been made parties thereto, and knowing nothing of the same, not having been cited and they not being unknown owners.

"(3) Because of the fact that the taxes for the year 1901 were paid in Travis county, Tex.; that is, because this land was assessed and taxes paid in a county other than the one in which it was located, and because it was doubly assessed and taxes paid on one assessment that this brings it strictly within the exemption provided in the statute under which foreclosure was sought to be had, and that it is expressly therein provided that the land under such circumstances shall not be deemed subject to the provisions of this chapter. I therefore find the tax proceedings, judgment, and order of sale were null and void and subject to collateral attack, and that there was no statute authorizing the proceedings, and that the error is fundamental."

Under the three assignments grouped as stated above, appellant insists that the judgment in the tax foreclosure suit reciting the facts essential to jurisdiction, like any other judgment, is presumed to be valid and binding on the parties, and cannot be questioned in collateral proceeding; there being nothing in the judgment record to contradict the recitation of the jurisdictional facts, the judgment in this proceeding must be held to import absolute verity; and, even if this should be viewed as a direct attack on the tax suit judgment, nevertheless, the action seeking to void the force of the judgment is barred by the statute of limitations of four years.

[1] If, as contended by appellees, the judgment is absolutely void, no period of time under any statute of limitation could give the judgment validity. As was said by this court in the case of Southern Railway Co. of Texas v. J. C. Vance, 155 S. W. 698 (not yet officially reported): If the court had no power to render the judgment, "his act was void. If void, it had no legal effect, and was no order at all. It gave no right, and none could be obtained under it. It neither binds nor bars any one. All acts performed under it and claims of right flowing out of it are void, and therefore subject to attack collaterally or direct by any one."

[2] The difficult question in this case is the right of appellee to attack the judgment collaterally. The undisputed evidence discloses, and the court so found, that the plaintiffs had paid their taxes for the year 1901 in due time, and that such payment had been made to the Comptroller at Austin. This question was considered in the case of Hollywood v. Wellhausen, 28 Tex. Civ. App. 541, 68 S. W. 329, and a writ of error was denied by the Supreme Court. Fly, Justice, in that case, said: "The suit for taxes against the unknown owner was brought by virtue of chapter 5a, tit. 104, Sayles' Ann. Civ. St., which was passed in 1897. After fully and clearly setting forth the mode of procedure in the collection of delinquent taxes, it is provided in article 5232*l* that 'real

estate which may have been rendered for taxes and paid under erroneous description given in assessment rolls, or lands that may have been doubly assessed and taxes paid on one assessment, or lands which may have been assessed and taxes paid thereon in a county other than the one in which they are located, or lands which may have been sold to the state and upon which taxes have been paid and through error not credited in the assessment rolls, shall not be deemed subject to the provisions of this chapter.' Under the article quoted none of the provisions of the law embodied in chapter 5a have any application to the land of appellant. He had assessed it and had paid the taxes on it. The fact of the assessment must have been known to the assessor, when the suit was brought, and the affidavit made that the land belonged to some unknown owner, the court found that the assessor and county attorney knew that it was the homestead of appellants. Knowing these facts, the suit was filed, process was obtained for unknown owners by the affidavit of the county attorney, and the homestead of appellant sold for taxes which they did not owe. They had done all required of them by law in rendering their property for taxation, and then paid the taxes." The opinion then discusses facts peculiar to that case, and, after a discussion of several cases bearing upon the question at issue, proceeds: "It follows, therefore, that, unless the facts in this case brought the tax suit clearly within the purview of the statute, the proceeding was null and void, and the judgment was open to attack in any judicial proceeding. The statute expressly says that real estate erroneously assessed on which the taxes have been paid or lands that have been doubly assessed, and the taxes paid on one assessment, both of which conditions according to the findings of fact exist in this case shall not be deemed subject to the provisions of the chapter on 'collection of delinquent taxes.' There would have been no reason for the enactment of the article in question if it was intended merely to designate defensive matter that could be interposed by a defendant, and the language is such not to admit of such construction. Had it been intended as a provision to indicate what defensive matter might be pleaded by a defendant, it would have said so, and would not have used terms of express exemption from the provisions of the chapter. This strongly appears from the latter part of article 5232o, Sayles' Ann. Civ. St., where it is provided: 'In all suits for taxes due the defendant shall be entitled to credits he can show due him for any year or number of years for which he may be able to procure receipts,' etc. For some reason the Legislature deemed it proper and expedient to exempt from the law for the collection of delinquent taxes certain real estate, and while it might be argued that, where a man's property has been properly

rendered and the taxes paid, it should also be exempted, the answer is that the Legislature did not so provide, but placed the latter class of conditions under the head of defensive matter which must be urged in the trial of the proceeding to collect the taxes. There is no doubt in the minds of this court that had there been no exemptions in the statute, and the judgment for the taxes had been rendered after a full compliance with the requirements of the statute, however great a hardship it might entail, and, however unjust and unconscionable it might appear, appellant could not have attacked the validity of the judgment in this proceeding; but, under the conditions surrounding his property, there was no statute justifying a suit and the judgment for the taxes was consequently null and void. * * * It is provided in article 5119, Sayles' Ann. Civ. St., that the assessor may, when property has not been rendered for taxation, assess the same to the unknown owner, if he is unknown. In this case the assessor knew the owner of the lot in controversy and knew that he was occupying it as his homestead; and there are numerous authorities which hold that an assessment made to an unknown owner, when the owner is known or could be ascertained, is void. See 25 Am. & Eng. Enc. Law, p. 213, tit. 'Taxation,' where list of authorities is given. In the case of Whitney v. Thomas, 23 N. Y. 281, it was said: 'But the assessors have no jurisdiction to assess except as the statute prescribes; and, unless they pursue the directions of the statute, the assessment is unauthorized and void.' It was held that a sale under an assessment made to one other than the owner was null and void."

[3] The right to file suit for the collection of delinquent taxes and to foreclose a lien upon the property subject to the taxes exists solely by reason of the statute referred to in the foregoing opinion, and this special statute confers the jurisdiction upon the district court to foreclose the lien, and without the statute the district court would have no such jurisdiction. By express provision there is removed from the jurisdiction of the court (1) all real estate which may have been rendered for taxes and paid under erroneous description given in assessment rolls; (2) lands that may have been doubly assessed and taxes paid on one assessment; (3) lands which may have been assessed and taxes paid thereon in a county other than the one in which they are located. It is seen that the property involved in this suit is expressly exempted by at least two of the provisions of the above-quoted statute. Plaintiffs had complied with the laws of this state when they rendered the land for taxes to the Comptroller, and paid the taxes within the time limited by law. It further appears, and the court's finding is sustained by the evidence, that the assessor of Hutchinson county knew prior to the institution of this

suit the names of the owners of this land. So far as we are able to glean from this record, no fault whatever is chargeable to the appellees, and the language used by Judge Fly is applicable to the issue here presented. There was no delinquency on plaintiff's part. The only delinquency which we have been able to find in the record was on the part of the state and county officials in not notifying each other of the payment of the taxes, of the ownership of the land, and the fact that it had been listed as delinquent, as they were required to do by articles 7685, 7687, and 7692, Revised Statutes of 1911. It has been held in Fitzhugh v. Custer, 4 Tex. 391, 51 Am. Dec. 728, that the doctrine that a judgment must stand unless reversed for error or set aside for fraud does not apply where the want of jurisdiction is made a question, and that a want of jurisdiction may always be set up when a judgment is sought to be enforced or any benefit is claimed under it, and that the rule is not inconsistent with the principle which ordinarily forbids the impeachment or contradiction of a record. The proof introduced herein in no manner tended to contradict the record. The court had no jurisdiction of the subject-matter. The res had been expressly reserved and withheld from the jurisdiction of the district court in the special statute which gave that court the power to foreclose tax liens upon the land. The design of the Legislature in enacting the delinquent tax law was to provide a method for the collection of unpaid taxes by judicial process. If the taxes had been paid prior to the institution of the suit, the land did not come under the condemnation of the law, and the court had no jurisdiction of the subject-matter.

[4] It further appears from the record that the district attorney did not swear to the petition and that no affidavit was made as a prerequisite to the filing of the suit, and the court so found. This is a jurisdictional question, as held by Speer, Justice, in Stoneman v. Bilby, 43 Tex. Civ. App. 296, 96 S. W. 52, in which writ of error was denied by the Supreme Court. In that case it is said: "We think it to be understood from this language" (after quoting from article 5232o, Sayles' Revised Civil Statutes) "that as a condition precedent to the court's power to inquire into the merits of the action the affidavit provided for must have been filed. In other words, a citation by publication is not authorized except upon the filing of such affidavit, and, of course, a judgment without citation may be shown to be invalid if properly attacked. * * * This brings us to a consideration of the further question whether or not the failure to file a proper affidavit in the original tax foreclosure suit can be shown in this, since the attack is collateral. We are not unmindful of the rule laid down in the Texas cases above cited, to the effect

that on collateral attack the presumption is that a sufficient affidavit was filed to authorize the issuance of the citation by publication. But we understand the rule to be that this is a rebuttable presumption unless rebutting it involves in some way the contradiction of the record." In this case the judgment does not recite that any affidavit was made, and we think the proof was admissible. The conclusion we have reached in passing upon the assignments above discussed renders it unnecessary for us to consider the remaining assignments urged by appellant.

Finding no reversible error in the judgment, it is affirmed.