ROUSSET v. SETTEGAST. (No. 7641.)

(Court of Civil Appeals of Texas. Galveston. Dec. 12, 1918. On Motion for Rehearing, Feb. 25, 1919.)

1. TAXATION ⨁⇒573—DELINQUENT TAX—ACTION—CITATION—STATUTE.

In a tax suit against a nonresident owner, the requisites of the necessary citation, in October, 1906, were exclusively prescribed by Rev. St. 1911, art. 7698.

2. TAXATION ⨁⇒591 — ACTION FOR DELINQUENT TAXES—CITATION.

Writ against nonresident owner in delinquent tax suit running, "To the sheriff or any constable of Harris County, Greeting," and further reciting, "You are hereby notified that suit has been brought by the state for the collection of said taxes," and "You are commanded to appear and defend said suit," instead of the owner of property himself, was fatally defective as not in compliance with Rev. St. 1911, art. 7698.

3. TAXATION ⨁⇒591 — ACTION FOR DELINQUENT TAXES—CITATION OF NONRESIDENT—STATUTES.

That suit for delinquent taxes was against the nonresident owner and his unknown heirs, the petition specifically reciting the suit was brought pursuant to Acts 24th Leg. c. 42, relating to the collection of delinquent taxes, did not bring it within Rev. St. 1911, arts. 1874, 1875, as to service of citation, instead of article 7698.

---

⨁⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On Motion for Rehearing.

**4. APPEAL AND ERROR ☞602(4)—STATEMENT OF FACTS—CONCLUSIVENESS.**

Suit to set aside judgment for delinquent taxes being a direct attack on the tax judgment, under the record as presented the Court of Civil Appeals is not at liberty to go behind the statement of facts approved below, and to assume or presume there may have been some other and different citation, foundation of the tax judgment, than the one shown in the record.

**5. APPEAL AND ERROR ☞539—AGREEMENT IN STATEMENT OF FACTS—RIGHT OF APPELLEE TO DENY.**

Defendant appellee, in suit to set aside judgment for delinquent taxes, having agreed in statement of facts that proceedings referred to constituted record in tax suit, there being no intimation they were even objected to when offered in evidence, is not in position to say they did not in fact comprehend the whole record.

**6. TAXATION ☞832—SALE FOR DELINQUENT TAXES—SETTING ASIDE—RIGHT OF PURCHASER TO TAXES PAID.**

In action to set aside judgment for delinquent taxes, legal on its face, and to cancel sheriff's deed, defendant purchaser should have been given judgment for aggregate amount paid out by him as actual taxes on lot since the tax sale, with legal interest from date of judgment below until paid, and a lien to insure payment.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by Paul Rousset against Charles S. Settegast. From judgment for defendant, plaintiff appeals. Reversed and rendered, with allowance of recovery to defendant.

P. Harvey, of Houston, for appellant.
W. P. Neblett, of Houston, for appellee.

GRAVES, J. Appellant as plaintiff brought this suit against appellee in the court below to set aside a judgment for certain taxes theretofore rendered in cause No. 36212 by the same court in favor of the state of Texas against appellant, and to cancel and annul a sheriff's deed issued thereunder, wherein attempt had been made to convey appellant's property, lot No. 8, in block No. 224, in Houston Heights, Tex., to appellee.

It was alleged that the proceedings complained of were void, in that the citation issued in suit No. 36212 was fatally defective, but that a cloud was thereby cast upon plaintiff's title to the lot, the removal of which was prayed for.

The court, sitting without a jury, rendered judgment for the appellee, from which this appeal is presented.

We think the court erred. The facts were undisputed, showing that the tax suit had been brought against appellant in 1905, under allegation that he was a nonresident of Texas, this being the citation issued:

"The State of Texas.

"In the name of the State of Texas and County of Harris. To the Sheriff or any Constable of Harris County, Greeting: You are hereby commanded that you summon, by making publication of this citation in some newspaper published in the county of Harris for eight consecutive weeks previous to the return day hereof, Paul Rousset and the unknown heirs of Paul Rousset, and all persons owning or having or claiming any interest in the following described land, delinquent to the state of Texas and county of Harris for taxes, to wit: Lot 8 in block 224, in the town of Houston Heights, in Harris county, Texas. On account of taxes due for the years 1897, 1898, 1900, 1901, 1902, and 1903. Which said land is delinquent for taxes for the following amounts: One and $01/100$ dollars ($1.01) for state taxes, and one and $77/100$ dollars ($1.77) for county taxes, together with legal interest thereon, and three dollars collector's costs, three dollars county clerk's costs, one dollar and fifty cents for advertising; and you are hereby notified that suit has been brought by the state for the collection of said taxes, which suit is numbered on the docket of the 55th judicial district court of said county No. 36212, and you are hereby commanded to appear and defend such suit at the November term, 1906, of the 55th judicial district court of Harris county and state of Texas, to be begun and holden in the city of Houston, in said county, on the first Monday of November, 1906, it being the 5th day of November, 1906, and show cause why judgment shall not be rendered condemning said land, ordering sale and foreclosure thereof, for said taxes and costs of suit.

"Herein fail not, and have you before said court, on the said first day of the next term thereof, this writ, with your return indorsed thereon, showing how you have executed the same."

[1, 2] This writ was evidently framed in an effort to conform to article 1874, Revised Statutes, relating to citation by publication in suits generally, whereas we think that statute at the time this citation was issued, October 25, 1906, had no application to delinquent tax suits against nonresident owners, but that in such suits the requisites of the necessary citation were then exclusively prescribed by article 7698, Revised Statutes. And if that be true we think there can be no doubt that the writ here was fatally defective, since it ran "To the Sheriff or any Constable of Harris County, Greeting"; further reciting that "You are hereby notified that suit has been brought by the state for the collection of said taxes," and "You are commanded to appear and defend said suit," instead of the owner of the property himself; notifying him that the suit had been brought for collection of taxes, and commanding him to appear and defend it, as required by article 7698. Earnest v. Glaser, 32 Tex. Civ.

App. 378, 74 S. W. 605; Garvey v. State, 88 S. W. 873; Borden v. Patterson, 51 Tex. Civ. App. 173, 111 S. W. 186; Kenson v. Gage, 34 Tex. Civ. App. 547, 79 S. W. 605; Young v. Jackson, 50 Tex. Civ. App. 351, 110 S. W. 74.

It was agreed that at the time the tax suit was filed, as well as when all other proceedings thereunder were taken, Rousset was and still is a nonresident of Texas, living in New Orleans, La.

In these circumstances, that article 7698 alone applied in a suit to collect delinquent taxes against a known owner, alleged to be a nonresident, is not, we think, an open question. That article embodied what was known as the Colquitt Act, passed in 1897 (General Laws 1897, p. 138, c. 103). Being a special act upon the single subject of taxation, and having for its purpose the collection of taxes against both nonresident and unknown owners, by its express terms it repealed all former laws in so far as they conflicted with its provisions. Now, as the Supreme Court pointed out in Dunn v. Taylor, 42 Tex. Civ. App. 241, 94 S. W. 350, there had before its enactment been no provision at all for citing an unknown person in any case, and this act was intended to remedy that condition by providing that such could be done by publication. The statute did not stop, however, with directing that unknown owners should be cited according to its detailed requirements, but specifically included also all nonresident owners, without confining it to such of the latter class as were unknown; thereby directly trenching in that respect upon the provisions of pre-existing article 1874, which commanded citations in suits against nonresidents generally to be addressed to the sheriff or constable of the county where instituted. Under such condition, the later and special act would prevail, and it is no answer to say, as the appellee here does, that to tax suits against a known owner the old statute would still apply.

[3] Neither can the fact that the suit was against Paul Rousset and his unknown heirs make any difference, or bring it within article 1874 and the succeeding one, 1875, because the petition specifically recited that the suit was brought in pursuance of the act of the 24th Legislature (chapter 42), relating to the collection of delinquent taxes. Gammel's Laws, vol. 10, p. 1886 et seq.; Babcock v. Wolffarth, 35 Tex. Civ. App. 512, 80 S. W. 642; Cyc. vol. 36, p. 1151; Kenson v. Gage, 34 Tex. Civ. App. 547, 79 S. W. 606.

It follows from what has been said that the tax judgment assailed was void for want of a sufficient citation upon which to rest, and hence could not become the source of a title in appellee to appellant's land. Accordingly, since the facts were all fully de-veloped, the trial court's judgment will be reversed, and judgment will be here rendered for appellant canceling and nullifying the sheriff's deed to appellee, and removing the cloud thereby cast upon the title to the lot involved.

Reversed and rendered.

### On Motion for Rehearing.

[4] After mature reconsideration of the issues involved upon this appeal, so fully and ably presented in the appellee's motion for rehearing, while the matter is not free from doubt, we adhere to our former determination that the citation was insufficient, the tax judgment invalid, and that the sheriff's deed should be canceled, and the cloud thereby cast upon appellant's title removed. We think it clear that this suit was a direct attack upon the tax judgment, and that, under the record as here presented, this court is not at liberty to go behind the statement of facts approved below, and assume or presume that there might have been some other and different citation constituting its foundation than the one copied in our original opinion as being the citation upon which that judgment rested. Without detailing here the contents of the statement of facts, it is sufficient to say that it recited the introduction in evidence of the record in the tax suit No. 36212, detailed the proceedings had therein, including enumeration of plaintiffs' amended petition, the particular citation above mentioned, with the sheriff's return thereon, the answer, the judgment, and this agreement: "It is agreed that a printed copy of the citation above set out is on file in the papers of cause No. 36212." "The citation above set out" was the one called for in the sheriff's return; hence was the one upon which the judgment was rendered, and the agreement that a printed copy of it was so on file obviated any necessity of again copying it in the statement of the facts.

[5] Having agreed in the statement of the facts presented to this court that the proceedings referred to constituted "the record" in the tax suit, there being no intimation that they were even objected to when offered in evidence upon the trial of this suit below, it is not thought the appellee is in position to now say they did not in fact comprehend the whole record, nor that, if he were, this court could so disregard what is before it.

[6] But in one respect we conclude the motion is well taken, and that is its contention that appellee should have been given judgment for $83.75, the aggregate amount paid out by him as actual taxes upon the lot at and since the tax sale, together with legal interest thereon from the date of this judgment below until paid, and a lien against the property to insure its payment.

This was a proceeding in equity, an appeal

to the equitable powers of the court, and the tax judgment against which it sought relief was not absolutely void upon its face, as was that passed upon in Stewart v. Kemp, 54 Tex. 248, where a judgment condemning land to be sold for taxes purported to have been rendered at a special term of the county court, when no authority then existed for holding special terms of that court. A distinction seems to be made between that class of cases, notwithstanding the somewhat indiscriminate use of the terms "void" and "voidable," as was pointed out by the court in Carpenter v. Anderson, 33 Tex. Civ. App. 484, 77 S. W. 291, and those like the present one, where the judgment is regular upon its face, and recites that due citation and service was made. In the latter instances it is held, upon the general principles of equity, that the purchaser at tax sale is entitled to be reimbursed for the amount paid out by him in satisfaction of taxes. Rowland v. Klepper, 189 S. W. 1033; Ry. Co. v. Hoffman, 193 S. W. 1140; State v. Dashiell, 32 Tex. Civ. App. 454, 74 S. W. 780.

It is admitted in the record here that the appellee paid in taxes upon the property involved, exclusive of court costs, the total sum of $83.75, nor is any question raised as to the existence or validity of the original tax lien to that extent. The motion for rehearing is accordingly granted in part, and our former judgment so reformed as to allow appellee a recovery for that amount, with 6 per cent. interest per annum thereon from September 13, 1917, until paid, and a lien upon the lot to secure its payment. In all other respects the motion is refused and our former judgment remains unchanged.

Granted in part.

Refused in part.