## SEIGLE et ux. v. STATE.

### No. 3261.

Court of Civil Appeals of Texas. El Paso.

Jan. 2, 1936.

A. T. Folsom, of Wink, for plaintiffs in error.

H. E. Wassell, Co. Atty., of Wink, for the State.

PELPHREY, Chief Justice.

This is a suit by the state of Texas to collect delinquent taxes alleged to be due on lot 9, block 26, in the city of Wink, Tex.

The original petition named both plaintiff in error and his wife, Mrs. A. R. Seigle, residents of the state of New York, as being the record owners of the property, and sought a recovery of $173.97, the taxes for the year 1929. A notice to serve nonresident defendant was issued and such notice was served on Mrs. Seigle alone. Thereafter an amended petition was filed naming both plaintiffs in error as defendants, in which a recovery of taxes for the years 1929, 1930, and 1931 was sought. In this petition A. R. Seigle was named as the record owner, and both he and Mrs. Seigle were named as being personally liable because of their ownership of the property at the time the taxes accrued. A nonresident notice of this petition was served on A. R. Seigle alone. Defendant in error later filed a second amended petition in which taxes for the years 1932 and 1933 were included. No notice was given of the filing of the latter amendment. Judgment by default was rendered against both plaintiffs in error for the full amount of taxes alleged to be due, together with the statutory penalty and a foreclosure of a tax lien on the property.

From such judgment the cause comes to this court on writ of error.

The sole assignment presented by plaintiffs in error questions the judgment because of lack of service as to the cause of action alleged in the second amended petition.

We shall not here discuss the question presented for the reason that we have reached the conclusion that fundamental error is shown by the record in another particular. The notices to nonresidents which were served upon the plaintiffs in error are apparently those provided by article 2037, R.S. 1925; and do not constitute service in a suit for taxes. A special method of serving nonresidents in tax suits is provided by article 7342, R.S.1925, and is exclusive. Stoneman v. Bilby, 43 Tex.Civ.App. 293, 96 S.W. 50 (writ refused); Mote v. Thompson (Tex.Civ.App.) 156 S.W. 1105; Rousset v. Settegast (Tex.Civ.App.) 210 S.W. 219.

The service being insufficient to confer jurisdiction, the judgment is reversed and the cause remanded.