

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Warren McDonald
County Attorney
Smith County
Tyler, Texas

Dear Sir:

Opinion No. O-2927
Re: Has the commissioners' court the
authority to enter into the contract
set forth, and has the sheriff the
discretion or authority to place
citations and orders of sale with
any paper that he may wish?

Your recent request for an opinion of this department on the questions as are herein stated has been received.

Your letter reads as follows:

"Some time ago the Commissioners' Court made a contract with a local newspaper Company to print all citations and orders of sale in the delinquent tax suit at a certain rate, and containing other clauses, such as option to cancel contract, etc.

"Recently while that contract was in effect the sheriff of this county authorized the publication of citations in delinquent tax suits in a paper other than the one with which they had the contract.

"The answer to the question that I want to know, is whether or not the Commissioners' Court has the authority to enter into the contract as above outlined, and whether the sheriff has the discretion or authority to place citations and orders of sale with any paper that he may wish to.

"Service of citation by publication in delinquent tax suits differs from that of service in ordinary suits. Article 7342 of Vernons Ann. Civil Statutes, sets out the method by which citations of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Warren McDonald, Page 2

publications or notices may be had on unknown
owners, non-residents, etc., in delinquent tax
suits and among other things says:

"'Which notice shall be signed
by the Clerk and published in some
newspaper in said county one time a
week for three consecutive weeks,
etc.'

"This article does not, as Article 2022 of
the Revised Civil Statutes, provide that the
citation shall be directed to the sheriff or any
constable of the county, etc., but merely states
that same shall be published in some newspaper.

"However, the Amarillo Court of Civil Ap-
peals in the case of NUNN-WARREN PUBLISHING CO.
vs. HUTCHINS COUNTY, clearly states relative to
Article 7342 R.C.S. 1925, the following:

"'This Statute gives the county
no authority to pay a newspaper the
fees for the publication of the cita-
tion in tax suits citing unknown and
non-resident owners but provides that
such fees may be taxed (evidently as
costs in the suit); and the Commis-
sioners' Court is given no authority
to pay for the publication of such
citations out of funds of the county
derived from any other source.'

"Which language clearly seems to establish
the fact our Commissioners' Court in Smith County
had no authority to enter into the contract above
outlined. However, I would appreciate your an-
swering the question as to whether or not the
sheriff or the Commissioners' Court has the author-
ity to direct who shall publish these citations."

Article 7342, Vernon's Annotated Civil Statutes pro-
vides and sets out the method by which citations of publication
or notices may be had on unknown owners or non-resident owners

Honorable Warren McDonald, Page 3

and the statute specifically sets out the form of citation or notice.

In the case of Seigle, et ux vs. State, 89 SW (2d) 304, the court said:

"The notices to non-residents which were served upon the plaintiffs in error are apparently those provided by Article 2037, R.S., 1925; and do not constitute service in a suit for taxes. A special method of serving non-residents in tax suits is provided by Article 7342, R.S. 1925, and is exclusive. Stoneman v. Bilby, 43 Tex. Civ. App. 293, 96 SW 50; Note v. Thompson, 156 SW 1105; Rousset v. Settegast, 210 SW 219."

It will be noted that the 46th Legislature in 1939 passed Senate Bill No. 206 (Article 7328.1 Vernon's Annotated Civil Statutes). The title of Senate Bill 206 reads as follows:

"An Act to simplify proceedings in delinquent tax suits; providing for simplified form of petition in suits for collection of delinquent taxes on both real and personal property, and providing for a simplified description of both real and personal property sought to be foreclosed upon; providing that such petition need not be verified; providing for a simplified form of citation; providing that the provisions of this act shall be cumulative of and in addition to all other rights and remedies to which taxing units are now entitled, but repealing all laws in conflict herewith; and declaring an emergency."

Article 7328.1, supra, sets out the form of petition and citation to be used in delinquent tax suits; however, we do not believe that the citation set forth in Article 7328.1, supra, is the proper citation to use in delinquent tax suits where unknown owners or non-resident owners are involved, but think that the citation of notice as prescribed by Article 7342, supra, is the correct citation or notice to be used in such cases.

In the case of State vs. Unknown Owner, 103 SW 1116, the sole question presented goes to the sufficiency of the citation issued and served by publication. The citation

in question in the above mentioned case was set out in full and discussed by the court which held that the citation was sufficient. The citation just mentioned is in form substantially the same as Form No. 191, page 168, Moffett's Texas Form Book. The form of citation and notice as set out in Moffett's Texas Form Book is directed to the sheriff or any constable of said county and the sheriff or constable is commanded to make publication of the citation and notice by publishing the same in some newspaper published in said county one time a week for three consecutive weeks, etc. And the sheriff or constable is required to have said citation or notice with his return thereon showing how he executed the same before the court at the next regular term.

The authority of the commissioners' court as the governing body of the county to make contracts on its behalf is strictly limited to that conferred either expressly or by fair or necessary implication, by the Constitution and laws of the State. Roper vs. Hall, 280 SW 289; Baldwin vs. Travis County, 88 SW 480. The commissioners' court must have authority of law for its contracts, and, if the authority has been given a reasonable construction will be given to effect its purpose. Commissioners' Court vs. Wallace, 15 SW 2nd 535.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the commissioners' court does not have the express or implied authority to make the contract above mentioned. It is our further opinion that the sheriff, and not the commissioners' court, has the authority to direct who shall publish the citations and notices mentioned herein. The same can be said in reference to the orders of sale.

We construe your request for an opinion of this department as pertaining to citations and notices and orders of sale with reference to delinquent tax suits against unknown owners or non-resident owners, and this opinion applies only to such.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

APPROVED DEC 14, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

BY Ardell Williams

Ardell Williams
Assistant

AW:AW