

This Opinion ~~ put 693
Overrules Opinion
# C-2927

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Luther C. Johnston
County Attorney
Anderson County
Palestine, Texas

Dear Sir:

Opinion No. O-3362
Re: Citation by publication in delinquent tax suits.

In your letter dated March 27, 1941, you request our opinion on the following question:

"Should citation by publication in delinquent tax suits be published for two consecutive weeks in compliance with Sec. 3 (d) of Article 7345b R. C. S., or should it be published for three consecutive weeks as provided in Article 7342 R. C. S.?"

Article 7342, Revised Statutes, (Acts 1897, p. 158; G. L. Vol. 10, p. 1192) reads, in part, as follows:

"Whenever the owner or owners of any lands or lots that have been or may be returned delinquent or reported sold to the State for the taxes due thereon for any year or number of years, are non-residents of the State, or the name of the owner or owners of said lands or lots be unknown, then, upon affidavit of the attorney for the State setting out that the owner or owners are unknown to the attorney for the State and after inquiry cannot be ascertained, said parties shall be cited and made parties defendant by notice in the name of the State and county, . . . which notice shall be signed by the clerk and <u>shall be published in some newspaper published in said county one time a week for three consecutive weeks.</u> . . ." (Underscoring ours).

We quote from Article 7345b, Vernon's Annotated Civil Statutes (Acts 1937, 45th Leg., p. 1494-a, Ch. 506), as follows:

Honorable Luther C. Johnston, Page 2

"Sec. 3. The laws governing ordinary fore-
closure suits in the District Courts of this State
shall control the question of parties, issuance,
and service of process and other proceedings in
tax suits, save and except as herein otherwise
provided. The following special provisions shall
apply to and govern the question of parties and
issuance and service of process in tax suits:

"  . . .

"(d) Where any defendant in such suit is
a nonresident of the State, where the names of
the owner or owners of said property are unknown
to the attorney filing the suit for the plaintiff
taxing unit, where the residence of any defendant
is unknown to such attorney, and where the names
of the defendant heirs of any deceased person are
unknown to such attorney, and such facts are re-
cited in the petition, service of notice by pub-
lication is hereby authorized in each and all of
such cases, . . . Such notices shall be published
in some newspaper published in the county in which
the property is located one time a week for two
(2) consecutive weeks, the first publication to
be not less than fourteen (14) days prior to the
first day of the term of Court to which return-
able; . . . When notice is given as herein pro-
vided it shall be sufficient, and no other form
of citation or notice shall be necessary on such
defendants.

"  . . .

"Sec. 13. The provisions of this Act shall
be cumulative of and in addition to all other
rights and remedies to which any taxing unit may
be entitled, but as to any proceeding brought
under this Act, if any part or portion of this
Act be in conflict with any part or portion of
any law of the State, the terms and provisions
of this Act shall govern as to such proceeding.
The provisions of Chapter 10, Title 122 of the
Revised Civil Statutes of 1925 shall govern suits
brought under this Act except as herein provided."
(Underscoring ours).

Honorable Luther C. Johnston, Page 3

In the case of State et al. v. Bagby's Estate et al., 126 S.W. (2d) 687, the following language is found:

"The provisions of Chapter 10, Title 122 (taxation of R.C.S. where applicable will control the procedure questions in tax foreclosure suits here presented. 40 T. J. p. 241; Young v. Jackson, 50 Tex. Civ. App. 351, 110 S.W. 74, writ refused; Rousset v. Settegast, Tex. Civ. App., 210 S.W. 219; Article 7342, R.C.S. of 1925, under this Title provides that 'whenever * * * the name of the owner or owners of said * * * lots be unknown, then, upon affidavit of the attorney for the State setting out that the * * * owners are unknown to the attorney for the State and after inquiry cannot be ascertained, said parties shall be cited and made parties defendant by notice * * *.' This article then prescribes the form of such notice and provides for publication once each week for three consecutive weeks. The last expression of the Legislature governing the procedure to be followed in suits on delinquent taxes and to enforce tax liens was enacted in 1937, designated as Article 7345b, Vernon's Annotated Statutes of Texas. This act also provides for the issuance and service by publication of notice in suits against unknown owners. . . ." (Underscoring ours).

It is clear from the authorities cited above that the provisions of Article 7345b, supra, will prevail over the provisions of Article 7342, supra, should they be in conflict. You are therefore advised that service of notice by publication shall be sufficient if same be published for two (2) consecutive weeks in compliance with Section 3(d) of Article 7345b, supra, when said Article is applicable.

Any language contained in our Opinion No. O-2927 that is contrary to what we have said in this opinion is hereby expressly overruled.

Yours very truly

APPROVED APR 16, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

Lee Shoptaw
Assistant

LS:mp

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN