**MINERAL HOLDING TRUST et al.,**
Appellants,

v.

**Guy F. STOVALL et al., Appellees.**

No. 12841.

Court of Civil Appeals of Texas.

Galveston.

March 1, 1956.

Motions for Rehearings Denied
April 12, 1956.

W. J. Barnes and Knox W. Gilmore, Houston, for appellants.

Fountain, Cox & Gaines, and Joyce Cox, Houston, for C. A. Green and R. B. Wherry. appellant.

Vinson, Elkins, Weems & Searls; A. G. Stokes and Tarlton Morrow, Houston, for Aluminum Co. of America and Crown Central Petroleum Corp.

S. G. Sample, Edna, and Guittard & Henderson, Frank Guittard, Victoria, for Guy F. Stovall and F. E. Appling.

HAMBLEN, Chief Justice.

This suit was instituted in the District Court of Jackson County by appellants to cancel and set aside the order of sale, sheriff's deed and all subsequent conveyances based upon a tax foreclosure suit filed in Jackson County on October 5, 1950. Such tax suit was filed by the County Attorney in the name of the State of Texas for taxes alleged to have been delinquent for the years 1922 to 1935, inclusive, and for the years 1940 to 1950, inclusive, on one-half of the minerals in Section 35 of the Theodore F. Koch Subdivision of land in said county.

Plaintiffs in the trial court were Mineral Holding Trust of St. Paul, Minn., the record title owner at the time of the institution

and rendition of the judgment in the tax suit, and C. A. Green and R. B. Wherry, who hold under a lease and a mineral deed from Mineral Holding Trust dated respectively September 29th and September 30th of 1953.

Defendants in the trial court were Guy F. Stovall, the purchaser under the sheriff's deed sought to be set aside, F. E. Appling, Alcoa Mining Company, which holds under two mineral leases from Stovall and Appling, dated February 1, 1952, and Crown Central Petroleum Company and Aluminum Company of America, which hold under assignments from Alcoa Mining Company.

Trial was before the court without a jury, at the conclusion of which the court entered judgment denying plaintiffs any relief. Subsequent to the appeal to this Court, appellants entered into a compromise settlement of the differences between them and the appellees Stovall and Appling. Appellants now before this Court are those parties who were plaintiffs in the trial court. Appellees before this Court are Alcoa Mining Company, Crown Central Petroleum Corporation, and Aluminum Company of America.

As grounds entitling them to the relief sought, appellants filed a petition in the nature of a bill of review in which they alleged many irregularities in the proceedings in the tax suit of such nature as to render the same void and a complete nullity entitling them to a cancellation of the sheriff's deed as against all persons holding thereunder. Among such allegations were non-assessment of the property for taxes, illegal assessment of the property for taxes, noncompliance with the Rules of Civil Procedure governing citation by publication, inadequate description of the property, nondelinquency of a portion of the taxes sued for, excessiveness of the judgment for taxes, and inadequacy of the consideration for the sheriff's deed.

Appellees filed a general denial and a plea that they were bona fide purchasers without notice of the irregularities alleged by appellants. Countering this latter plea, appellants alleged notice both actual and constructive on the part of appellees.

The trial court made numerous findings of fact, including the following: The County Attorney made no personal investigation of the tax records to determine whether personal service could be had on the defendant; Mineral Holding Trust was the record owner of the property at all material times; taxes for the year 1940 were paid before the institution of the tax suit; the tax collector's list and renditions for the years 1937, 1938, and 1939 disclosed an address of the Mineral Holding Trust; the property had never been placed on the delinquent tax roll and had never been assessed prior to the time the attorney for defendant Stovall requested the tax assessor to figure up the delinquent taxes; the consideration paid at the sheriff's sale was $400; the reasonable market value of the property at that time was $5,000; the defendant Stovall had actual knowledge of the address of Mineral Holding Trust; and by reason of business relationship, defendant Appling was charged with such knowledge.

We have stated only such findings of fact made by the trial court as we consider necessary to a proper discussion of the issues raised on this appeal. We find all of the stated findings of fact to be amply supported by the record before us. In so far as the individual defendants Stovall and Appling are concerned, our examination discloses a record replete with evidence of fraudulent practices by them of such nature as to shock the conscience of this Court. The manifest error of the trial court, in denying appellants all relief against those two defendants, and in refusing to divest them of any interest, by way of possibility of reverter, or other, as they might possess, has been rendered moot by the settlement of the differences between them and appellants. The only justiciable issue to be determined on this appeal is the propriety of the trial court's judgment in so far as it denies to appellants any relief against the corporate defendants, who are the only appellees before this Court. Before stating our con-

clusions, we feel that it is appropriate to define the issue as we see it. .

The findings of fact upon which the trial court's conclusions and judgment rest, are based upon evidence in the record in this appeal, which is largely aliunde the record in the proceedings in the tax suit and judgment sought to be set aside. A substantial portion of the briefs submitted to us deals with the question of whether or not this present suit is a direct, as opposed to a collateral attack upon the tax suit judgment. Appellants' argument is that this is a direct attack upon that judgment, and that consequently evidence aliunde the record in that proceeding is determinative of the rights of the parties to this appeal. Their points of error are largely so premised. With due apologies to able and distinguished counsel who so vigorously urge the controlling importance of this proposition, we state it to be our opinion that in view of the issue joined by the plea of bona fide purchaser interposed by appellees the question of whether this suit is a direct as opposed to a collateral attack is entirely immaterial.

The innocent purchaser doctrine states that the innocent purchase in good faith and for value of the legal title, cuts off all outstanding equities. In 43B Tex. Jur., page 4, Sec. 701, a bona fide purchaser is defined as one "who acquires the apparent legal title to property in good faith for a valuable consideration and without notice of a claim or interest of a third person under the common source of title." Aside from the requirement that the apparent legal title pass, the three elements essential to a bona fide purchase are: (1) good faith, (2) a valuable consideration, and (3) absence of notice.

A bill of review is an equitable proceeding. It is a direct attack upon a judgment wherein relief from the effect of the judgment is sought upon equitable grounds. The legal requirements which must be met to entitle one to such relief are well established and need not be stated here, for the reason that it is our understanding that such equities must be assert-ed before the intervention of the rights of a person who occupies the status of bona fide purchaser as above defined. If before the equitable rights of a plaintiff are asserted in a bill of review, the apparent legal title has passed into one who fulfills the stated requirements of a bona fide purchaser, all equities resting in such plaintiff are cut off and are of no avail against such bona fide purchaser. Therefore it appears to this Court that the determination of the issues on this appeal depend solely upon the question of whether or not appellees occupy the status of bona fide purchasers, and are entitled to the protection of the innocent purchaser doctrine. The discussion which follows is based upon such conclusion.

By their point of error No. 6, appellants assert that the trial court erred in holding and concluding that the appellees were innocent purchasers as against appellants. For reasons which we will undertake to state, we conclude that appellants' point No. 6 is well taken and must be sustained. We have concluded that the defense of bona fide purchaser is not available to the appellees for two reasons: First, it is our opinion that they did not acquire the apparent legal title to the property in question, and, second, we are of the opinion that appellees are charged with notice, as a matter of law, of the invalidity of the tax title under which they hold, and consequently of the claim or interest of appellants under the common source of title.

We rest our conclusion that appellees did not acquire the apparent legal title to the property in controversy upon the proposition that the trial court did not have jurisdiction to render the judgment upon which the tax title depends. From this we further conclude that the judgment is absolutely void and is subject to collateral attack at any time. We understand it to be established law in Texas that the validity of a tax title depends upon the existence of a judgment for taxes, foreclosure of a tax lien, order of sale, and proper deed from the sheriff. Harrison v. Orr, Tex.Com. App., 296 S.W. 871.

Lack of jurisdiction depends upon the absence of one or more of the following elements: (1) a legally organized court, (2) jurisdiction over the subject matter, (3) jurisdiction over the person, (4) power to render the particular relief awarded. 25 Tex.Jur., page 709, Sec. 261. There exists no doubt as to the presence of the first two elements mentioned. We do entertain doubt as to the jurisdiction of the court over the persons of the defendants in the tax suit. We entertain no doubt but that the trial court in the tax suit upon which appellees' title depends lacked jurisdiction to render the particular relief awarded, and that the absence of that element is apparent upon the face of the judgment in the tax suit.

In the tax suit, the trial court obtained jurisdiction over the person of the defendant Mineral Holding Trust, if at all, by citation by publication. The citation by publication rests for its validity upon the affidavit of the County Attorney of Jackson County, the material portion of which is as follows:

"My name is Cullen B. Vance and I am the duly elected, qualified, and acting County Attorney of Jackson County, Texas, and the attorney for plaintiff, the State of Texas, in the above entitled and numbered cause. The residence of each of the defendants alleged in Plaintiff's Original Petition on file in the above entitled and numbered cause alleged as being 'Unknown' is in fact unknown and the parties described in said petition as the 'Unknown owner or owners' of the land described therein are also unknown, and that after due diligence and inquiry by the Tax Collector of Jackson County, Texas, and by me, as attorney for plaintiff, were not and cannot be determined and ascertained."

On the date of the institution of the tax suit, Rule 117a, Texas Rules of Civil Procedure, governed the procedure in tax suits. A portion of the Rule, as it then existed, provided: "and provided further that where the rendition or assessment list in the assessor's office shows the address of any record owner, citation of such record owner may not be had by publication or posting unless the party applying therefor shall first make affidavit that he has caused citation to issue for personal service on such defendant at the address shown on said rendition or assessment list and has attempted to secure service thereof, but has been unable to do so." The record discloses, and the trial court found, that the County Attorney made no investigation of the tax records to determine whether personal service could be had on the defendant; that Mineral Holding Trust was the record owner of the property, and that the tax collector's list and renditions disclosed an address of Mineral Holding Trust. Thus there is a manifest noncompliance with the requirements of the applicable rule. The facts which disclose such noncompliance so manifestly, however, are aliunde the record in the tax suit. The question is, was that noncompliance apparent on the face of the record in the tax suit so as to defeat the passage of the apparent legal title thereunder. The question must be determined within the wording of the affidavit itself.

It will be noted that Sec. 3 of Rule 117a names those classes of defendants who may be cited by publication. The trial court found that Mineral Holding Trust was cited as a defendant whose residence was "unknown." Other defendants in the suit were cited as "unknown owners." The rule requires that the attorney requesting the issuance of process, must, as to "unknown owners," make affidavit that the name of such owner is unknown, and cannot be ascertained after diligent inquiry, and as to defendants whose residence is unknown, must make affidavit that such residence is unknown, and cannot be ascertained after diligent inquiry. In the light of these requirements of Rule 117a, an examination of the affidavit of the County Attorney hereinabove quoted, leaves this Court in doubt as to whether, as to both unknown owners, and owners whose address is unknown, the affiant has stated that their identity, as well as address could not be ascertained after diligent inquiry. It seems to us, in view of the language employed in

the affidavit, that the affiant has stated that those parties described as "unknown owners" were unknown and could not be ascertained after diligent inquiry, but as to the defendants whose residence he states to be unknown, he has said nothing more. It is possible that our construction of the affidavit is colored by our knowledge that the County Attorney did not intend to swear that the residence of Mineral Holding Trust could not be ascertained after diligent inquiry. The office of County Attorney is one of high public trust and honor. The record in this case discloses without dispute that the address of Mineral Holding Trust appeared upon the tax collector's rendition or assessment list. The requirement of Rule 117a under such conditions has been heretofore stated. To attribute to the County Attorney an intention to swear that the residence of Mineral Holding Trust could not be ascertained after diligent inquiry would require the conclusion either that he swore falsely, or that he deliberately violated the provisions of the applicable rule of civil procedure. In the case of an affiant such as this one, we will not entertain such a conclusion where any alternative exists. We, therefore, say that he did not intend to swear that the residence of Mineral Holding Trust could not be ascertained after diligent inquiry. We conclude that the noncompliance with the rule results from a mistake of law. These conclusions, as we have stated, may be colored by the possession of knowledge gained aliunde the record in the tax suit. We, therefore, do not base our conclusion of lack of jurisdiction in the trial court upon its lack of jurisdiction over the person of the defendant Mineral Holding Trust. We mention our doubts relative to that jurisdiction as a predicate to our discussion of the absence or presence of notice on the part of appellees of the claim or interest of the appellants, which we will discuss later.

As stated before, we have no doubt but that the trial court, in the tax suit upon which appellees' title depends, lacked the jurisdiction to render the particular relief awarded therein, and that the absence of that element is apparent upon the face of the judgment therein rendered.

Generally speaking, it may be said that failure of a court to observe a mandatory constitutional or statutory provision conferring a right or forbidding a particular action will render its judgment absolutely void while noncompliance with a mere procedural direction will render it only voidable. For instance, judgments have been held void wherein there is reflected an effort on the part of a court to alienate a homestead contrary to the provisions of the constitution and the statutes, or to render a judgment for costs against a county in the face of a law prohibiting such action. Grant v. Ellis, Tex.Com.App., 50 S.W.2d 1093. In the cited case, it was held that when a statute authorizing the collection of state and county taxes provides that neither the state nor the county shall in any event be liable for costs, a judgment dismissing the action and adjudging the costs against the county is void and assailable collaterally at any time. In 25 Tex. Jur., page 812, Sec. 309, the following statement is made: "Special and limited authority conferred by statute must be strictly pursued, and any judgment rendered on proceedings not had in compliance with the statute will be held void on collateral attack. Frequent application of this rule is found in cases where suits have been brought to foreclose tax liens upon real property; in such cases, the court's power is purely statutory and a judgment rendered in circumstances not contemplated is invalid."

It has been frequently held in Texas that the right to sue for delinquent taxes and to foreclose a tax lien is wholly statutory and that unless the statute conferring the right is strictly complied with, the court is without jurisdiction. Mote v. Thompson, Tex.Civ.App., 156 S.W. 1105, writ refused; Hill & Jahns v. Lofton, Tex.Civ. App., 165 S.W. 67, writ refused.

We have mentioned the foregoing statements of the law as a predicate for our reference to the record in the tax suit under attack. An examination of the judg-

ment in that suit reflects that the court found "that the State of Texas is entitled to recover for itself and for the use and benefit of Jackson County, Texas, and the other political subdivisions * * * the sum of $187.86, being the amount of the delinquent taxes due, owing and unpaid on the hereinafter described land, *there being no penalties, interest and costs accrued or owing thereon* * * *." The judgment of the court thereupon allows recovery to the State of Texas for itself and for the use and benefit of Jackson County and the other political subdivision "The sum of $187.86, being the amount of taxes due, owing and delinquent on the hereinafter described property for the years 1923 to 1949, both inclusive, *exclusive of penalties, interest and costs, of which there are none due.*" (Emphasis added.)

■ It is our opinion, in the light of the legal premise that the power of a court in a tax suit is purely statutory, and from our examination of the applicable statutes conferring that power upon the courts, that there exists in our substantive law no possibility of the existence of delinquent taxes without the coincident existence of penalties and interest. This, we think, is manifest from an examination of Chapter 10, Title 122 of the Revised Civil Statutes of this State, Vernon's Ann.Civ.St. art. 7319 et seq. Art. 7336 of such statutes provides the time within which a taxpayer may pay taxes without penalty or interest thereon. It provides further that if any person fails to pay in the manner provided for, *penalties shall be payable* thereon in the manner set forth in the statute. Sec. (d) of the Article provides that *all delinquent taxes shall bear interest* at the rate of 6% per annum from the date of their delinquency. Sec. (e) of that Article provides that penalties, interest and costs accrued against any land need not be entered by the assessor and collector of taxes on his list, *but in each and every instance all such penalties, interest and costs shall be and remain a statutory charge with the same force and effect as if entered on said list and the assessor and collector of taxes shall calculate and charge all such penalties,*

*interest and costs on all delinquent tax statements or delinquent tax receipts issued by him.* Article 7336 was passed by the 46th Legislature and was effective at the time of the institution of and the judgment in the tax suit here involved. It formed a part of the substantive law of this State, with knowledge of which all persons, including the appellees in this case, were charged. We say that upon the face of the judgment itself, it is apparent as a matter of law that the trial court possessed no power to render the particular relief awarded. Since the trial court lacked jurisdiction and since that lack is apparent upon the face of the record, the judgment is a complete nullity, absolutely void, and may be collaterally attacked at any time. We conclude that it was totally ineffective to support the sheriff's sale and deed thereunder and that the appellees did not, by their purchase under such judgment acquire legal title or apparent legal title to the property in question.

We cite no direct authority for our conclusion that the tax judgment here involved is void for want of jurisdiction. It is based upon our own construction of the applicable statutes of this State which confer upon courts the jurisdiction to render judgments in tax suits, which we think logic requires, and which appears to us to be consistent, by analogy, with the decisions of other courts of this State dealing with the same or similar types of statutory jurisdiction. We are aware that jurisdiction includes the power to decide issues erroneously as well as correctly. Able counsel for appellees argues most forcefully that the tax judgment is not void, but merely erroneous. We differ with his contention in this respect. But if it be that he is correct therein, then we say that nevertheless appellees do not occupy the status of bona fide purchasers with respect to the appellants because they are charged as a matter of law with notice of appellants' equitable rights and claim to the property.

■ It is a recognized rule of law that notice of a fact which would put a prudent person on inquiry as to an adverse

right charges such person with notice of all facts which a reasonable inquiry would have disclosed. If, as appellees contend, the tax judgment is erroneous rather than void for want of jurisdiction, we say that in view of the clear and mandatory provisions of the tax statutes which we have referred to, it is so patently erroneous as to put any prudent person upon inquiry as to how and in what manner there could exist a long period of delinquency in the payment of taxes, without the accrual of penalty, interest and costs. From the stated findings of fact by the trial court, which the record so amply supports, it is manifest that even the slightest inquiry would have immediately disclosed the numerous irregularities in the judgment under which appellees claim, and the outstanding equities in appellants.

We have already discussed our doubts as to the sufficiency of the affidavit of the County Attorney of Jackson County upon which the citation by publication in the tax suit depends. We do not rest our conclusion that the judgment is void for want of jurisdiction upon the deficiencies in that affidavit because of our expressed fear that our conclusion might be colored by the knowledge that the County Attorney could not have intended his affidavit to meet the full requirements of Rule 117a, T.R.C.P. When that affidavit is viewed from the eyes of the appellees, we feel that the following facts should be considered. Appellees' purchase from Stovall and Appling was made within the two year redemption period. They were actually and constructively aware of that fact. They were purchasing a title dependent upon a judgment in a tax suit wherein the jurisdiction of the court is based purely upon statutes which must be strictly complied with. Jurisdiction of the court over the person of the defendants had been obtained by citation by publication, the procedure for obtaining which must also be strictly complied with. We say that under such circumstances the de-

ficiencies in the affidavit, while possibly not within themselves such as to render the citation void, were certainly such as to put a prudent person upon inquiry, which if made would disclose the same irregularities and equities previously mentioned.

■ The requirement of good faith, which the innocent purchaser doctrine imposes, is not, in this Court's opinion, consonant with the proposition that a purchaser may blind himself to the warning flags of fraud and invalidity such as are here present, and thereafter seek to shield himself by the cloak of that doctrine. We think appellees are clearly charged with notice, as a matter of law with all facts which a reasonable inquiry would have disclosed to them, and consequently are not bona fide purchasers.

Appellants have presented eleven points of error in their brief. Many of them are premised upon the proposition that this being a direct attack upon the tax judgment, evidence aliunde the record in that suit is determinative of the rights of the parties. We have already expressed our views in that regard. In so far as appellants' points are directed to the lack of jurisdiction apparent upon the face of the tax judgment, we feel that our discussion to this point is adequate. In so far as appellants' points are directed to issues as between them and the defendants with whom settlement has been effected, such points are moot.

We are of the opinion that the trial court erred in denying to appellants the relief which they sought as against all parties defendant. We, therefore, conclude that that judgment must be reversed and such judgment as the trial court should have rendered should be here rendered. It is so ordered.

Reversed and rendered.

GANNON, J., not sitting.